**E. K. MOORE, Appellant,**

v.

**Guy La Roy BAILEY, Appellee.**
**No. 53182.**

Supreme Court of Iowa.
Dec. 10, 1968.

Virgil Moore, Des Moines, for appellant.

Roy W. Meadows, Des Moines, for appellee.

LeGRAND, Justice.

On December 10, 1965, plaintiff was injured in an automobile accident which occurred near the intersection of East 14th Street and Euclid Avenue in the city of Des Moines. He suffered back and neck injuries described by his attending physician as traumatic myositis of the cervical and dorsal spine.

Trial of the case resulted in a verdict of $3000.00 for plaintiff. He appeals, asking that a new trial be granted on the ground of inadequacy of damages. We affirm.

This appeal does not involve any questions of liability, instructions, or rulings of the trial court. It raises only the one question of whether the jury abused its discretion by returning a verdict for $3000.00 un-

der the evidence shown by the record. We therefore limit our references to the facts relating to plaintiff's injuries and the medical testimony describing them.

Our task is not to determine whether a higher verdict would have been justified under the evidence, but whether the trial court abused its discretion in refusing to grant a new trial because of inadequacy of the award actually made.

The principles involved are well established and easy to state. However, their application to particular facts is more difficult. It is well settled the trial court has wide, but not unlimited, discretion in ruling on a motion for new trial. Rules of Civil Procedure, 344(f) (3); Lantz v. Cook, 256 Iowa 409, 413, 127 N.W.2d 675, 677. Ordinarily the jury should be allowed to settle disputed fact questions, but that, too, is a limited power and one which must be exercised within the framework of the evidence in any particular case. Webster v. City of Colfax, 250 Iowa 181, 185, 93 N.W. 2d 91, 93 and citations; Lantz v. Cook, supra. A verdict should not be set aside as either too large or too small simply because the reviewing court would have reached a different conclusion. The court always has inherent power to set aside a verdict which fails to do substantial justice between the parties. Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern Railroad, 244 Iowa 1364, 1376, 60 N.W.2d 572, 579; Webster v. City of Colfax, supra.

To all of these we may add another rule which says precedents in this field are of little value. Each case must be decided by relating its own unique circumstances to the general principles above announced. Ferris v. Riley, 251 Iowa 400, 412, 101 N.W. 2d 176, 183; Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern Railroad, 244 Iowa 1364, 1376, 60 N.W.2d 572, 579.

Plaintiff cites a number of cases in which new trials have been awarded, either by the trial court or by us, for inadequacy of damages. In virtually all of these the evidence was uncontroverted and the jury's disregard of it was a failure to do substantial justice, Tathwell v. City of Cedar Rapids, 122 Iowa 50, 58, 97 N.W. 96, 98; Feldhahn v. Van DeVenter, 253 Iowa 1194, 1196, 115 N.W.2d 862, 864; or there was a failure to award any amount above the special damages when these were not contested, DeMoss v. Brown Cab Co., 218 Iowa 77, 78, 254 N.W. 17, 18; or the award was only nominal in the face of uncontroverted testimony as to damages, Strever v. Woodard, 160 Iowa 332, 338, 141 N.W. 931, 933, 46 L.R.A.,N.S., 644 or the undisputed evidence showed inability to work, permanent disability and great pain and suffering, which the jury disregarded. Webster v. City of Colfax, supra.

These cases are interesting as following the general rules above mentioned, but they are of little help in reaching a proper conclusion under the facts before us. Plaintiff called two doctors as his witnesses, Dr. A. W. Dennis, an osteopathic surgeon, and Dr. Charles Hintz, a psychiatrist. Their testimony was such that it would easily have supported a larger verdict than the one rendered. Dr. Dennis in particular testified to plaintiff's continuing pain and suffering, for which he was still prescribing mild sedation at the time of trial. He estimated future medical expense; he described plaintiff's inability to sleep and to carry on many of his usual day-to-day activities; he predicted plaintiff would continue to have trouble, and diagnosed his condition as "chronic hypertrophic arthritis with a chronic muscle myositis."

Defendant called Dr. Donald W. Blair, an orthopedic surgeon, to refute plaintiff's evidence on the extent and nature of his injuries. He characterized plaintiff's symptoms as entirely subjective and stated he could find few objective symptoms. He referred to the history of a prior similar back and neck injury which plaintiff had sustained in another accident. He minimized the necessity for continued medical attention. He stated there was no permanent injury. He described plaintiff's com-

plaints as "residuals of strain to cervical and upper dorsal regions without evidence of neurological complications." On a later examination, shortly before trial, he found no permanent functional impairment. He again stated plaintiff's symptoms were "subjective and difficult to assess." He found plaintiff to be suffering from "tension headaches."

The medical testimony, on direct and cross-examination, was detailed and lengthy. We have not attempted to set it out in great detail, but have recited only enough to show there was a serious dispute between these medical men as to the nature, extent and severity of plaintiff's injuries. This does not fall within the rule of those cases where the evidence was undisputed. Rather it presents a situation in which the jury was confronted by conflicting medical testimony and was required to choose which was correct.

We might add, too, that plaintiff suffered no loss of time from his job nor was he hospitalized, although this was probably because he could not secure a hospital bed immediately after the accident.

█ The verdict awarded plaintiff all of his special damages and an additional sum of $1070.50. Certainly this is a modest award, and the evidence would have sustained a higher one; but that is not the question here. The question, rather, is whether under the entire record, giving the jury its right to accept or reject whatever portions of the conflicting evidence it chose, the verdict does substantial justice between the parties. We hold that it does. If the jury accepted Dr. Blair's testimony almost in its entirety, there is no such inadequacy about the award as to require a new trial.

█ We mention only one other matter. Plaintiff points to defendant's offer to confess judgment in the amount of $6000.00 prior to trial as evidence the jury verdict was grossly inadequate. Section 677.6, Code of Iowa, provides that neither such offer nor the amount thereof may be used at the trial of the case. Offers of settlement are to be encouraged as a means of avoiding prolonged, extensive and uncertain litigation. If they prove unsuccessful, a party should not later be prejudiced by having attempted to dispose of the dispute without trial. In arriving at our conclusion here we have disregarded both the fact an offer of settlement was made and the amount of it.

We find the trial court did not abuse its discretion in overruling plaintiff's motion for new trial. The judgment is accordingly affirmed.

Affirmed.

All Justices concur.