**DUBUQUE AREA CHAMBER OF COMMERCE, Appellee,**

v.

**George ADAMS, Appellant.**

No. 2–56415.

Supreme Court of Iowa.

Jan. 22, 1975.

Kintzinger, Kintzinger, Van Etten & Setter, Dubuque, for appellant.

Reynolds, Kenline, Breitbach, McCarthy & Clemens, Dubuque, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant appeals from lower court's order granting plaintiff's motion for new trial following jury verdict and judgment against plaintiff for costs. We reverse and remand with directions.

In its petition filed June 25, 1971 plaintiff, Dubuque Area Chamber of Commerce, sought recovery for damages resulting when a truck owned and operated by defendant, George Adams, collided with the Tourist Information Center, a building owned by plaintiff. It alleged defendant was negligent in (1) failing to keep a proper lookout, (2) failing to have his truck under control, (3) failing to drive at a careful and prudent speed under the circumstances and conditions then existing, (4) driving his truck at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead and (5) failing to keep his truck in the right hand lane of the center of Dodge Street. By amendment plaintiff further alleged defendant was negligent "In failing to have adequate brakes on said truck in violation of Section 321.430 of the 1971 Code of Iowa."

Defendant's answer asserted the defense of legal excuse, contending he was confronted with a sudden emergency not of his own making, caused by failure of the truck's hydraulic brakes.

At trial the evidence disclosed that on November 18, 1970 about 7:30 a. m. defendant was driving his 1961 International two-ton truck, loaded with fifty to sixty 200 pound hogs, in the city of Dubuque, Iowa. Defendant stopped at a stop light at the

"K-Mart intersection," then proceeded east on Dodge Street. When he approached the Grandview Avenue intersection the light was green. As he entered a down-hill slope, defendant shifted from fourth to third gear. Approaching a curve, defendant applied his brakes, which were still functioning. However, as defendant continued down the hill and reached Bryant Street the light was red and he was unable to stop the truck. Defendant "hit the brake" but the pedal went to the floor. "There was no brake at all." His attempt to shift from third to second gear was unsuccessful and the transmission lodged in neutral. The truck's speed was increasing. Defendant "grabbed ahold of the emergency brake" but "it didn't slow it down any." As the truck approached Bluff Street there was a semi in front of defendant in his lane. To avoid a collision with the semi, defendant crossed the center line in the road, lost control of the truck, jumped the left curb and struck the Tourist Information Center. The parties stipulated damages resulting to plaintiff amounted to $9732.50.

Other testimony revealed the truck had about 150,000 miles on it when purchased by defendant in 1966 or 1967 and about 350,000 miles at the time of the accident. On September 18, 1970 a small brake line was replaced on the rear axle of defendant's truck by Wears, Incorporated, but no inspection was made of the entire brake system at that time. Defendant testified he regularly had mechanical work done at Wear's Garage and tried to keep his truck "in pretty good shape."

Clifford Wear, owner and operator of Wears, Incorporated, from whom defendant purchased his truck was called as a witness by plaintiff. He testified it was customary and good practice to check brakes on trucks similar to defendant's, but noted few people make such inspections. He further testified it would probably take an hour's time to completely inspect the braking system and that most spots in the brake line could be found without removing the clamps attaching the line to the frame.

Allen Steve, operator of a Dubuque garage for many years, towed defendant's truck to his garage shortly after the accident. Steve testified the truck's hydraulic brake system had failed as a result of a hole worn in a brake line two feet behind the cab underneath a cross member and that this failure was not caused by the collision. Steve further stated the brake line hole could not have been detected by visual examination and to have taken the brake line off for examination would have been a difficult job consuming about an hour excluding the time required to replace the line. Steve disagreed with Wear's statement that it would be good practice to periodically check the brake line of such a truck.

Because of extensive cab and body damage, defendant sold the truck to Steve. He examined the entire truck as to mechanical and brake lining condition and testified it was "in real good shape."

At the close of the evidence plaintiff made no motion of any kind. The final draft of instructions included submission of all plaintiff's pleaded specifications of negligence. In instruction 13 the trial court paraphrased the applicable provisions of Code sections 321.430 and 321.431. It read:

"The laws of Iowa provide that every motor vehicle, (other than a motorcycle) when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels; and if the two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.

"A failure to comply with this provision of law constitutes negligence.

"Hydraulic brakes which furnish adequate braking as long as proper level of

hydraulic fluid was maintained and a hand brake sufficient to hold the truck from moving out of a parked position are brakes which meet the above requirements."

Instructions 14 and 15 set out the legal principles applicable to the affirmative defense of legal excuse and the doctrine of sudden emergency.

Plaintiff made no objection and took no exception to any of the instructions.

The jury returned a verdict in favor of defendant. At plaintiff's request the jury was polled. Each member approved the verdict. The trial court entered judgment ordering dismissal of plaintiff's petition and for costs against plaintiff.

Plaintiff's timely filed motion for new trial alleged: "(1) The verdict is not sustained by sufficient evidence, (2) the verdict is contrary to law, (3) the verdict failed to administer substantial justice between the parties, and the jury failed to respond truly to the real merits of the controversy, (4) * * * the Court should have entered a judgment in favor of the plaintiff at the close of all evidence, and (5) the cumulative effect of each and all of the foregoing reasons."

Honorable John C. Oberhausen, presiding judge at trial, died shortly after trial. Honorable Thomas H. Nelson, another judge of the district, was assigned to hear and rule on plaintiff's motion for new trial. Judge Nelson filed an opinion in which he specifically considered the law of primary and secondary braking systems. It concluded with this order:

"IT IS THEREFORE ORDERED AND DECREED that the verdict and judgment heretofore entered in favor of the Defendant be and the same is hereby set aside and a new trial granted to Plaintiff on Grounds 1, 2 and 3 of Plaintiff's motion for new trial and overruled on Grounds 4 and 5 thereof."

Defendant appeals from this order. The issues presented for review are (1) Did Judge Nelson err in granting plaintiff's motion for new trial on the basis defendant failed to introduce evidence explaining or excusing the failure of the secondary braking system? and (2) Were any of the grounds of the motion for new trial valid?

I. The legal principles guiding our review of a lower court's ruling on a motion for new trial have been often stated and are firmly established. Most of them, with citation of earlier cases, were recently restated in Lappe v. Blocker, Iowa, 220 N.W.2d 570, 572, 573. A trial court has wide but not unlimited discretion in the matter of granting or denying a motion for a new trial. It is a legal discretion exercised for sound judicial reasons. The discretion so accorded must have some support in the record. Verdicts should not be set aside lightly and the court must be sure there exists sufficient cause to support the exercise of such discretion. Where the disputes are principally factual, and there is substantial evidence to support the jury's determination of these facts, the judge should not grant a new trial merely because reasonable men might disagree with the jury's conclusion. We are slower to interfere with a trial court's grant of a new trial than with its denial of one.

■ Judge Nelson was not the trial judge. We have said the fact a judge other than the one presiding at trial, passes on the motion for new trial does not warrant modification of the rule according the lower court discretion in determining whether another trial should be granted. It does, however, limit the scope of his inquiry to the record before him since he can know nothing else as to the occurrences at the trial. Re Condemnation of Land (Carroll County), 255 Iowa 711, 725, 124 N.W.2d 141, 149; Underwood v. Leichtman, 188 Iowa 794, 797, 176 N.W. 683, 684.

■ II. Judge Nelson's opinion dealt primarily with specific legal propositions. It included:

"Consequently, although there is a jury question on whether Defendant is ex-

cused for the failure of the primary braking system, there is nothing upon which the jury could base a finding of excuse for the failure of the secondary system."

Citing and quoting 60A C.J.S. Motor Vehicles section 261b, p. 100, the court apparently concluded the secondary braking system statutes required brakes for stopping the vehicle the same as that of the primary system. Our statutes do not so provide.

Section 321.430 must be read in conjunction with section 321.431 which establishes the standards of performance for the two braking systems. Section 321.431(1) sets requirements for "service brakes" in terms of their capability to stop a moving vehicle, but section 321.431(2), setting requirements for "hand brakes" states:

"Under the above conditions the hand brake shall be adequate to hold such vehicle or vehicles stationary on any grade upon which operated."

In Hahn v. Ford Motor Co., 256 Iowa 27, 36, 37, 126 N.W.2d 350, 356, in reference to the same two Code sections we say:

"Plaintiff in paragraphs 4 and 5 alleges the truck was equipped with hydraulic brakes which furnished adequate braking as long as the proper level of hydraulic fluid was maintained and also a hand brake to hold the truck from moving out of a parked position. Such brakes meet the statutory requirements."

In Wilkes v. Iowa State Highway Commission, Iowa, 172 N.W.2d 790, 797, we quote this from Kessel v. Hunt, 215 Iowa 117, 123, 244 N.W. 714, 716:

" ' * * * Ordinarily we hesitate to interfere with the trial court's discretion in the granting of a new trial. The rule, however, has been long established that where a new trial is granted by the trial court strictly upon a definite question of law, it becomes our duty to review the order as we would any other alleged error, and to reverse the ruling if erroneous. (Citations).' "

The lower court erroneously construed the secondary braking statute and thus erred in granting plaintiff's motion for new trial on the basis of failure to prove an adequate secondary braking system.

There is ample proof in the record defendant's truck was in good mechanical condition before the sudden loss of hydraulic braking fluid. Instruction 13 to which plaintiff took no exception, correctly stated the statutory braking requirements including two separate means for applying brakes.

III. Since the lower court erred in basing its grant of a new trial on an incorrect construction of sections 321.430 and 321.431, its order must be reversed unless some other ground of plaintiff's motion is good. If any ground of the motion is good the grant of a new trial must be upheld. Vojak v. Jensen, Iowa, 161 N.W.2d 100, 105; Smith v. Ullerich, 259 Iowa 797, 804, 145 N.W.2d 1, 5.

In addition to consideration of the trial proceedings as shown by the appendix we have thoroughly searched the clerk's and trial transcripts for some basis which would warrant setting the verdict aside.

No difficult evidentiary problems were raised during trial. All issues raised by the pleadings were supported by substantial evidence and submitted for the jury's consideration and determination. The factual disputes were clearly and fairly submitted. As we have heretofore noted plaintiff made no motions at the close of evidence and took no exceptions to the instructions. No misconduct of counsel or jurors appears. Plaintiff's damages were stipulated.

Applying the legal principles stated in division I to the entire record we hold the grant of a new trial was not warranted. We believe plaintiff was afforded a fair trial. The lower court erred in sustaining plaintiff's motion.

We return the case to district court with directions to reinstate the judgment dis-

missing the petition and for costs against plaintiff.

Reversed and remanded with directions.