Sara KAUTMAN, by her next friend, Donald Kautman, and Donald Kautman, Appellants,

v.

MAR–MAC COMMUNITY SCHOOL DISTRICT and Richard Kelm, Appellees.

No. 2–58583.

Supreme Court of Iowa.

June 29, 1977.

R. L. Donohue, West Union, for appellants.

James E. Thomson of Jacobson, Bristol & Thomson, Waukon, for appellees.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

RAWLINGS, Justice.

Action by Sara Kautman, by her next friend Donald Kautman, stems from a January 8, 1973, school bus accident which occurred when Sara and other members of the Mar-Mac seventh grade basketball team were returning home from a game.

Trial jury awarded plaintiff $25,000. Upon return of the verdict she unsuccessfully moved for a new trial unless defendants consent to additur in such amount as may be allowed by trial court. This points up the issues here raised by plaintiff, but an affirmance as to denial of her right to a new trial obviates any need to consider additur.

I. Our review is on errors assigned. Iowa R.Civ.P. 334.

"The principles involved are well established and easy to state. However, their application to particular facts is more difficult. It is well settled the trial court has wide, but not unlimited, discretion in ruling on a motion for new trial. [Citations] Ordinarily the jury should be allowed to settle disputed fact questions, but that, too, is a limited power and one which must be exercised within the framework of the evidence in any particular case. [Citations] A verdict should not be set aside as either too large or too small simply because the reviewing court would have reached a different conclusion. The court always has inherent power to set aside a verdict which fails to do substantial justice between the parties. [Citations].

"To all of these we may add another rule which says precedents in this field are of little value. Each case must be decided by relating its own unique circumstances to the general principles above announced." *Moore v. Bailey,* 163 N.W.2d 435, 436 (Iowa 1968).

See also *Dubuque Area Chamber of Commerce v. Adams,* 225 N.W.2d 147, 149 (Iowa 1975).

Furthermore,

"It is not for us to invade the province of the jury. In fact a verdict will not be set aside or altered unless it is, (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motive; or (4) is lacking in evidential support." *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 659 (Iowa 1969).

See also *Giltner v. Stark,* 219 N.W.2d 700, 709 (Iowa 1974); *Osterfoss v. Illinois Central Railroad,* 215 N.W.2d 233, 236 (Iowa 1974).

Added to the foregoing is this apt observation in *Mazur v. Grantham,* 255 Iowa 1292, 1303, 125 N.W.2d 807, 814 (1964):

"If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly where the verdict is within a reasonable range as indicated by the evidence the courts should not interfere with what is primarily a jury question."

See also *Lappe v. Blocker,* 220 N.W.2d 570, 572–573 (Iowa 1974); *Turner v. Jones,* 215 N.W.2d 289, 292 (Iowa 1974).

We must also accord weight to the fact trial court, aided by seeing and hearing the witnesses, observing the jury and having before it all incidents of the trial, did

not deem it appropriate to interfere. *Olsen v. Drahos,* 229 N.W.2d 741, 743 (Iowa 1975).

II. Turning to the record, it is apparent all doctors agreed upon the nature and permanency of plaintiff's injuries. There were diverse opinions, however, as to the severity thereof. An understanding of these variances compels a comparison of relevant testimony by plaintiff's witness, Dr. Walker, with that of Dr. Phillips, a defense-called witness.

Dr. Walker testified the intervertebral disc spaces between plaintiff's injured vertebrae have been "pretty well destroyed". Conversely, Dr. Phillips found these disc spaces "normal" and "well maintained".

Similarly, Dr. Walker said traumatic arthritis already existed. But Dr. Phillips found no present traumatic arthritis in plaintiff's neck or back.

Then too, Dr. Walker evaluated plaintiff's present functional disability at 20% of the body. He was of the belief Sara would require more extensive medical treatment, including surgery to fuse the cervical discs injured in the accident. This operation, which Dr. Walker thought necessary in 10–15 years, would cost about $2000 at present rates. On the other hand, Dr. Phillips found no existing functional disability caused by injuries to plaintiff's back. He predicted her symptoms in that area would remain about the same as at present and opined any outcome of the cervical area condition was not foretellable.

This medical testimony was understandably extensive. We have not stated it in detail, but recite sufficient to reveal existence of serious disagreement by expert witnesses as to the extent of plaintiff's injuries. Thus, as in *Moore v. Bailey,* 163 N.W.2d 435, this case presents a situation in which the jury was confronted with conflicting medical testimony and required to choose as to which was deemed correct. Moreover, the jury was at liberty to accept or reject any such opinion evidence in whole or part. *Miller v. International Harvester Co.,* 246 N.W.2d 298, 302 (Iowa 1976); *Sondag v. Ferris Hardware,* 220 N.W.2d 903, 907 (Iowa 1974).

Also considered is the lay testimony. In summary it reveals plaintiff suffered some pain and discomfort after her release from the hospital but has engaged in a range of athletic activities. In fact, Sara testified she, with doctor's approval, had participated in eighth and ninth grade basketball. Plaintiff complained, however, of lower backache after vigorous activity and noted her headaches were more frequent since the accident.

Although the evidence may have justified a higher award, such is not controlling. The determinative question posed is whether under the record, giving the jury its right to accept or reject whatever portions of the conflicting evidence it chose, the verdict effects substantial justice between the parties. *Moore v. Bailey,* 163 N.W.2d at 437. We hold it does.

Briefly stated, this court finds no adequate basis upon which to hold the verdict was tainted by passion or prejudice.

By the same token we find no abuse of discretion on the part of trial court in overruling plaintiff's new trial motion. *Lappe v. Blocker,* 220 N.W.2d at 572.

In light of the foregoing plaintiff's request for additur is not reached. Stated otherwise, since she is not entitled to a new trial because of alleged inadequacy of the involved verdict any right to additur is concomitantly foreclosed. See opinion by Traynor, C. J., in *Jehl v. Southern Pacific Company,* 66 Cal.2d 821, 59 Cal.Rptr. 276, 427 P.2d 988, 995 (1967).

AFFIRMED.