Sandra NEUMANN, Plaintiff–Appellant,

v.

**SERVICE PARTS HEADQUARTERS, Defendant–Appellee.**

**No. 96–1046.**

Court of Appeals of Iowa.

Oct. 29, 1997.

Pete Leehey of Leehey & Valentine, Fort Dodge, for plaintiff–appellant.

James L. Kramer of Johnson, Erb, Bice, Kramer, Good & Mulholland, P.C., Fort Dodge, and Charles E. Cutler, Des Moines, for defendant–appellee.

Heard by SACKETT, P.J., and VOGEL and MAHAN, JJ.

SACKETT, Presiding Judge.

Plaintiff-appellant Sandra Neumann appeals the trial court's refusal to grant her a new trial following a jury verdict in her claim against defendant-appellee Service Parts Headquarters for injuries sustained in an automobile accident. We reverse and remand.

On August 15, 1994, the car plaintiff was driving was struck by a car driven by an employee of defendant. Plaintiff, who had a history of back and shoulder problems dating back to 1980, subsequently claimed to have suffered back and shoulder injuries in the accident. At trial, she claimed to have incurred $24,000 in medical expenses and $18,000 in lost wages resulting from the accident.

The jury found defendant ninety-seven percent at fault and plaintiff three percent at fault. The jury then awarded plaintiff $17,-893.57. The verdict included $10,842.57 for past medical expenses and $7051 for past loss of wages. The jury awarded plaintiff nothing for past pain and suffering and loss of body function or for future medical expense and loss of body function, or future physical and mental suffering.

Plaintiff filed a motion for new trial asserting the jury's verdict was not consistent because she was awarded past medical expenses and past loss of wages but nothing for past pain and suffering and past loss of body function. She also contended an instruction given concerning the effect of any pre-existing condition she may have had was misleading and not a correct statement of law.

The district court denied the motion concluding that in considering the evidence of plaintiff's pain and suffering as a result of neck and shoulder problems she had prior to this accident, the jury's verdict was not inconsistent. The court further concluded the instruction regarding plaintiff's pre-existing condition did not justify granting a new trial.

We first address plaintiff's claim she should have a new trial because the verdict was not consistent. The court should not discharge a jury until the court has determined the verdict or verdicts are consistent with the total damages and percentages of fault. Iowa Code § 668.3(6); *Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990). The parties agreed to a sealed verdict.[1]

Plaintiff contends there was no basis for a jury to award her medical expenses but no amount for pain and suffering. Defendant throughout the trial challenged whether plaintiff's injuries were the result of the accident.

An aggrieved party may be granted a new trial where the jury award is excessive or inadequate damages appear to have been influenced by passion or prejudice, or where the verdict is not sustained by sufficient evidence, or are contrary to law. Iowa R. Civ. P. 244(d) and (f). A new trial is not a matter of right. The grounds for a new trial listed in the Rules of Civil Procedure are not exclu-

---

1. Plaintiff should have made her objections to the inconsistent verdict before the jury was discharged. Defendant has not contended by agreeing to a sealed verdict plaintiff did not preserve error and we do not address this issue.

sive. *Cowan,* 461 N.W.2d at 157. In ruling upon motions for new trial, the court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Iowa R.App. P. 14(f)(3). We are slower to interfere with the grant of a new trial than with its denial. Iowa R.App. P. 14(f)(4). Ordinarily, the jury should be allowed to settle disputed fact questions, but that is limited. *Kautman v. Mar–Mac Community Sch. Dist.,* 255 N.W.2d 146 (Iowa 1977). It is not for the courts to invade the province of the jury. *Id.* A verdict will not be set aside or altered unless it is (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motives; or (4) is lacking in evidential support. *Id.* at 147. Where the verdict is within a reasonable range as indicated by the evidence, the courts should not interfere with what is primarily a jury question. *Id.* at 147–48.

■ The itemizations of damages required by the special verdict form constitute a special finding by the jury. The findings must be supported by evidence. When a special finding of the jury is not supported by the evidence, a new trial must be granted. *Peck v. Hutchinson,* 88 Iowa 320, 328–29, 55 N.W. 511, 514 (1893).

■ There is no inflexible rule that every verdict awarding only damages for medical expenses in a personal injury action is inadequate as a matter of law. *See Cowan,* 461 N.W.2d at 157. The trial court's denial of a new trial in such circumstances is more likely to be affirmed in cases where the cause or the extent of injury is disputed. *Nassif v. Pipkin,* 178 N.W.2d 334 (Iowa 1970); *Moore v. Bailey,* 163 N.W.2d 435 (Iowa 1968).

■ There was evidence plaintiff suffered with problems to her neck and back as early as 1980. She had an injury at that time and underwent surgery. In 1988, she suffered additional neck and low back pain. In 1990, she injured herself and missed five weeks of work. In 1991, she was involved in an automobile accident and complained of neck pain. In 1992, she hurt her back lifting pennies at the bank where she worked. There was evidence she suffered from these prior injuries at the time of the accident. Plaintiff claimed no injuries at the scene and drove away. The doctors plaintiff sought after this accident were not aware of her history of prior injuries.

In *Cowan,* the court said, "It is illogical to award past and future medical expenses incurred to relieve headache, neck and back pain, and then allow nothing for physical and mental pain and suffering." *Cowan,* 461 N.W.2d at 160.

The trial court, in ruling on plaintiff's motion for new trial, found:

> Sufficient evidence existed for the jury to determine less than half the medical expenses consisted of diagnostic procedures, self-imposed second opinions, and excessive physical therapy. It is not inconsistent or unreasonable for a jury to determine disputed pain, discomfort, loss of enjoyment of life as testified to by plaintiff was not the result of the 1994 accident.

Plaintiff's injuries and treatments were disputed. Her complaints of pain were subjective. The jury did not award the full amount of her claimed medical expenses and lost wages. Yet, a total failure to award her any amount for pain and suffering is not consistent. The trial court should have ordered a new trial. We reverse and remand for a new trial on all issues.

Plaintiff's next challenge is to the following instruction given by the court.

> If you find Sandra L. Neumann had a neck or shoulder condition before this incident and this condition was aggravated by this incident causing further suffering, then she is entitled to recover damages caused by the aggravation. If you find that Sandra L. Neumann was asymptomatic in her neck and left shoulder before this collision, then Sandra L. Neumann may recover damages from Service Parts Headquarters *for the pain in her neck and left shoulder, if any, caused by this collision.*
>
> She is not entitled to recover for any physical ailment or disability which existed before this incident or for any injuries or

damages which she now has which were not caused by the Defendant's actions.

At trial, plaintiff excepted to the italicized words and asked that they be replaced by "for her entire condition of pain in her neck and left shoulder to the extent the condition was caused by this collision."

We review for correction of errors at law. *State v. Kellogg*, 542 N.W.2d 514 (Iowa 1996). Reversal, because of the failure to give a requested instruction or because a requested instruction was not given, will be granted only on the showing of prejudice. *Rudolph v. Iowa Methodist Medical Ctr.*, 293 N.W.2d 550, 555 (Iowa 1980).

Plaintiff contends the instruction as given was not consistent. We limit our review to the objection raised in the trial court. The objection raised would not justify reversal.

**REVERSED AND REMANDED.**