David A. KALVIK, Kristine Kalvik, a Minor by David A. KALVIK, Her Father and Next Friend, Cory J. Kalvik, and David A. Kalvik, as Executor of the Estate of Anne E. Kalvik, Deceased, Appellees,

v.

**Joseph John SEIDL, Appellant.**

No. 97–2232.

Court of Appeals of Iowa.

March 31, 1999.

Dale A. Knoshaug and Clark G. McDermott of Hanson, Bjork & Russell, L.L.P., Des Moines, for appellant.

Robert L. Huffer of Huffer Law Office, Story City, for appellees.

Heard by STREIT, P.J., and VOGEL and ZIMMER, JJ.

STREIT, Presiding Judge.

Joseph Seidl appeals from the trial court's grant of new trial based on inconsistencies in the jury award and a finding substantial justice was not achieved by the jury verdict. Although we find the trial court erred in several of its findings of inconsistency in the jury verdict, we affirm the trial court's grant of new trial based on the trial court's inherent power to order a new trial when substantial justice is not achieved by the jury verdict.

### I. Background & Facts.

Ann Kalvik was killed when Joseph Seidl smashed his pickup truck into Kalvik's vehicle at a country intersection. The wreck occurred after Seidl drove through a stop sign. Seidl was found one-hundred percent at fault for the accident. Kalvik's daughter, Kristine, was a passenger in Kalvik's vehicle and was injured.

Kalvik's estate and Kristine brought suit against Seidl seeking damages resulting from the accident. Kalvik's husband, David, and her adult son, Cory, brought claims for loss of consortium.

After trial, the jury returned a verdict in favor of the Kalviks, awarding $58,000 in damages. The damage award was divided as follows: $1000 for Ann Kalvik's estate accumulation to present; $5000 lost spousal support for David Kalvik to present; $6000 lost parental support for Kristine Kalvik to present; $25,000 for Kristine's future lost body/mind function; $5000 for Kristine's pain and suffering to present; $9000 for Kristine's medical and related expenses to present; $300 for Ann Kalvik's medical expenses; and $6700 for loss of the vehicle.

The Kalviks asked for a new trial contending the jury was influenced by collateral source evidence and the damages were inadequate and inconsistent. The court granted a new trial on damages. Seidel appeals.

### II. New Trial Based on Inconsistent & Inadequate Jury Verdict.

■ We review district court rulings on motions for new trials for abuse of discretion. Iowa R.App. P. 14(f)(3). We are more reluctant to interfere with the grant of a new trial than its refusal. Iowa R.App. P. 14(f)(4); *Delaney v. Gansemer*, 567 N.W.2d 664, 665 (Iowa App.1997). The determinative question for the district court was whether the verdict effected substantial justice between the parties. *Kautman v. Mar–Mac Community School Dist.*, 255 N.W.2d 146, 147–48 (Iowa 1977).

### A. Inconsistencies in Jury Verdict.

Seidl contends the court erred in granting a new trial based on a finding the

jury's verdict was inconsistent. Seidl contends the verdict was consistent and supported by the evidence in all respects.

 A new trial may be granted, and the jury verdict set aside, when the verdict is so logically and legally inconsistent it is irreconcilable in the context of the case. *See Blume v. Auer*, 576 N.W.2d 122, 125 (Iowa App.1997). In assessing whether the jury verdict is inconsistent, we are mindful that a jury's verdict is to be liberally construed to give effect to the intentions of the jury and to harmonize the verdict if possible. *Id.* at 126. The test is whether the verdict can be reconciled in any reasonable manner consistent with the evidence, its fair inferences, and in light of the instructions of the court. *Hoffman v. Nat'l Medical Enterprises, Inc.*, 442 N.W.2d 123, 126–127 (Iowa 1989).

 ***i. Estate Accumulation.*** Seidl contends the trial court erred in finding the jury's verdict of $1000 past estate accumulation, but no damages for future estate accumulation, illogical. This verdict is reconcilable in light of the evidence in this case. The Kalviks had accumulated very little money over twenty years of marriage. Most of what the couple made was spent. It is not inconsistent for the jury to find the minimal amount of money the Kalviks were able to accumulate in the past would not continue in the future in light of the expenses the Kalviks' would incur, such as Kristine's college expenses. There was also evidence of marital discord and a question of whether the Kalviks would have remained married. These pieces of evidence were sufficient to justify the jury's award of $0 for future estate accumulation and to reconcile the award with the past accumulation award of $1000. We find the trial court erred in its finding

the jury's estate accumulation award was inconsistent.

 ***ii. Spousal and Parental Support.*** Seidl contends the trial court erred in finding the jury's verdict of $5000 for past financial support to David Kalvik and $6000 past financial support to Kristine Kalvik inconsistent with the jury's award of $0 for future spousal and parental support. This verdict can also be reconciled by the evidence on the record. For one, the jury may have believed the parties would not be married in the future or, if they were, Ann would have stopped working due to the success of David's business. Kristine was almost through high school at the time of trial. The jury may have found Ann Kalvik would not have needed to support Kristine in the future. We find the trial court erred in its ruling the jury's verdict on spousal/parental support was inconsistent.

***iii. Kristine's Loss of Body/Mind Function.*** Seidl contends the trial court erred in finding the jury's award of $25,000 lost body/mind function in the future inconsistent with an award of $0 for lost body/mind function to the present.

 There is no inflexible rule that every verdict awarding future damages must award past damages as a matter of law. *See Cowan v. Flannery*, 461 N.W.2d 155, 158 (Iowa 1990). It is the rare case where a plaintiff will have no present damages due to physical injury, but will have future damages. When supported by medical evidence on the record, however, such a verdict is not inconsistent. This is not such a case. There was sparse medical evidence of future damages.[1] However, the evidence of past lost body/mind function was abundant. Kristine was hos-

1. The evidence of future damages are two letters written by Dr. Charles Denhart, one stating: "I discussed the kinds of problems that might arise in the future, especially when she changes her environment, such as going from high school to college.... and they will call if such problems arise." The other states in part: "I would like to see her again in approximately six months after she has been to school for a semester to see if she is functioning normally. If she is ... I may not obtain repeat neuropsychological tests. If there are any difficulties whatsoever, I probably will obtain repeat neuropsych testing at that point."

pitalized for eighteen days and spent thirty days in a rehabilitation center. She required considerable physical therapy to regain basic motor skills such as walking and use of her right arm. Intense therapy was also needed to regain her cognitive capacity. She lost memory and had to "retrain" her muscles and nerves to accomplish routine daily tasks, such as brushing her teeth and combing her hair. Our attempt to give effect to the intentions of the jury is frustrated by the irreconcilable and illogical inconsistency of, in light of the evidence on the record, awarding future damages for lost body/mind function and no damages for past lost body/mind function. The trial court's ruling on this issue is affirmed.

### B. Inherent Power of Trial Court to Grant New Trial Based on Finding of Inadequate Damages.

In addition to its findings of inconsistency in the jury verdict,[2] the trial court found, in light of the evidence, the verdict was inadequate,[3] and did not accomplish substantial justice between the parties. To rectify the situation, the court utilized its inherent power to grant a new trial. Seidl contends the trial court abused its discretion in utilizing its inherent power.

Iowa has long recognized the trial court's inherent power to grant a new trial where the verdict fails to administer substantial justice. *Wilson v. IBP, Inc.*, 558 N.W.2d 132, 144 (Iowa 1996). The trial court is not limited to the grounds for granting a new trial specified in Iowa Rule of Civil Procedure 244. *Id.* Nevertheless, there must be a reason apparent from the record to justify the court's exercise of its power and we will reverse only if the court's decision was based "on grounds clearly untenable or to an extent clearly unreasonable." *Lehigh Clay Products,*

*Ltd. v. Iowa Dept. of Transp.*, 512 N.W.2d 541, 544 (Iowa 1994).

 When determining whether the court abused its discretion based on substantial justice not being achieved by the verdict, precedents are of little value. Each case must be decided by relating its own unique circumstances to the general principles above announced. *Kautman v. Mar–Mac Community School Dist.*, 255 N.W.2d 146, 148 (Iowa 1977). We must also accord weight to the fact the trial court, aided by seeing and hearing the witnesses, observing the jury, and having before it all incidents of the trial, deemed a new trial appropriate. *See id.*

 In light of the evidence on the record, the trial court did not abuse its discretion in granting a new trial based on its inherent power to do so and finding the verdict did not result in substantial justice between the parties. The jury found Seidl one hundred percent at fault for the accident. Ann Kalvik lost her life. Her children lost their mother. Her husband lost his wife. Kristine was gravely injured, suffered through nearly two months of recovery, and may have life-long physical injuries from the accident. The undisputed medical bills alone amounted to $52,000. Despite this evidence, the jury awarded all the plaintiffs a total of $58,000 in damages. The trial court, in striving for justice, did not abuse its discretion in granting a new trial based on the inadequacy of the jury verdict.

Because we affirm the trial court and have granted a new trial on grounds of inconsistency and inadequacy of the verdict, we do not address the appellant's

---

2. In addition to finding the estate accumulation, spousal and parental support, and loss of body/mind function awards inconsistent, the court found them inadequate.

3. The trial court found the jury's award of $5000 past pain and suffering with no future award of pain and suffering and the jury's award of $0 for loss of consortium were inadequate.

claim the trial court erred in partially basing its decision to grant a new trial on the admission of prejudicial collateral source evidence.

The trial court's grant of new trial on damages is affirmed.

**AFFIRMED.**