# IN THE COURT OF APPEALS OF IOWA

No. 13-1883
Filed January 14, 2015

**KEVIN BRYANT,**
        Plaintiff-Appellant,

**vs.**

**ROBERT LEE RIMRODT, LORI
LYNN PARR, and GEICO GENERAL
INSURANCE COMPANY,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Linn County, Ian K. Thornhill,

Judge.


        Plaintiff appeals from the denial of his motion for new trial in a tort suit

resulting from a motor vehicle accident.  **AFFIRMED.**


        James K. Weston II of Tom Riley Law Firm, Iowa City, for appellant.

        Thomas B. Read and Stephanie A. Legislador of Crawford, Sullivan, Read

& Roemerman, P.C., and Allison Heffern, of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, and David Paul Odekirk, of Klatt, Odekirk, Augustine, Sayer,

Treinen & Rastede, P.C., Waterloo, for appellee.


        Heard by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Plaintiff Kevin Bryant appeals from the denial of his motion for new trial in a tort suit arising out of a motor vehicle accident. The jury awarded Bryant past medical expenses and past loss of earnings; however, the jury awarded Bryant only one dollar for past pain and suffering and awarded no damages for loss of full body function. He contends the verdict is inconsistent and the award inadequate.

I.

On November 15, 2007, Bryant, a car salesman, was riding as a passenger in a vehicle during a customer test drive. The customer made an illegal left turn, and the vehicle was struck by an oncoming vehicle on the passenger's side. Bryant was taken to the hospital with complaints of head, neck, and lower back pain. He was examined and released. Days later he was examined by his family doctor, Dr. Gieswein, in Iowa City. Dr. Gieswein found Bryant exhibited painless, normal range of motion and no back tenderness. Spinal x-rays were normal.

Bryant filed a workers' compensation claim. The workers' compensation doctor, Dr. Cuddihy, diagnosed Bryant with cervical pain, lumbar pain, and post-concussion syndrome. Dr. Cuddihy ordered a ten-pound weight restriction. Bryant treated for his pain, including chiropractic treatment. Bryant missed work from November 16 to December 12, 2007, and on January 17 and 18, 2008, due to his reported pain.

Bryant filed this suit, and the case proceeded to jury trial. The jury found the test driver 95% at fault, Bryant 5% at fault, and the other driver not at fault. Bryant claimed past medical expenses in the amount of $33,408.38, of which $18,732.38 was for chiropractic treatment. The jury awarded Bryant $16,937.53 in past medical expenses. Bryant claimed $1574.66 for lost wages, and the jury awarded exactly that for lost wages. Initially, the jury made no award for past pain and suffering or loss of full mind and body. Judge Baumgartner, who received the jury's verdict in lieu of presiding Judge Thornhill (who was absent due to military service obligations), contacted the attorneys and notified them of the verdict. After discussing the verdict with the attorneys, the court instructed the jury it must award something for past pain and suffering because it awarded past medical expenses. The jury deliberated and returned the verdict form with a one dollar award for past pain and suffering. The court conferred with the attorneys to determine whether further action was required. The court and the attorneys agreed it did not make sense to instruct the jury to deliberate further.[1] The court accepted the verdict and dismissed the jury.

Bryant moved for new trial pursuant to Iowa Rule of Civil Procedure 1.1004, alleging nominal damages were not proper, the pain and suffering award was inconsistent and inadequate, and the failure to award damages for past loss of body function was inconsistent and inadequate. After a hearing, Judge Thornhill denied the motion. The court ruled:

---

[1] Appellees contend error was not preserved because Bryant's counsel did not continue to demand the matter be sent back to the jury until the court denied the request. Upon review of the transcript of the hearing, we conclude the argument is without merit under the circumstances and need not be addressed any further.

After considering all the evidence presented at trial, the Court finds the jury's award of $1.00 for pain and suffering is not inadequate and does not warrant ordering a new trial on the issue. The cause and extent of Plaintiff's injury was highly disputed at trial. The jury received contradictory evidence, including Plaintiff's own testimony, that Plaintiff had a pre-existing medical condition at the time of the accident. The jury also received evidence that Plaintiff had received the same or similar chiropractic treatment pre-accident that was also deemed necessary post-accident. Based upon this evidence, it was reasonable for the jury, weighing the credibility of both the Plaintiff and the medical experts, to conclude Plaintiff failed to establish his claimed pain and suffering damages were caused by the instant accident. Furthermore, the Court finds it telling that the jury initially determined Plaintiff was entitled to no compensation for pain and suffering before awarding only $1.00 in nominal damages after being compelled to deliberate further by the Court.

Additionally, the contradictory nature of the evidence also supports the jury's denial of an award for past loss of full mind and body, making additional instruction by the Court to the jury on this issue unwarranted.

The jury's verdict and damage award was supported by substantial evidence, did justice for all parties, and should not be disturbed.

## II.

As relevant here, an aggrieved party may have an adverse verdict vacated and new trial granted where the jury awarded "[e]xcessive or inadequate damages appearing to have been influenced by passion or prejudice" or where "the verdict . . . is not sustained by sufficient evidence, or is contrary to law." Iowa R. Civ. P. 1.1004(4) and (6). Review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006).

A.

Bryant argues the jury's verdict is inconsistent. The question of whether a verdict is inconsistent is reviewed for correction of errors at law. *Id.* A new trial may be granted when the verdict is so logically and legally inconsistent it is irreconcilable in the context of the case. *Kalvik ex rel. Kalvik v. Seidl*, 595 N.W.2d 136, 139 (Iowa Ct. App. 1999). We consider whether the verdict can be reconciled in any reasonable manner consistent with the evidence, its fair inferences, and in light of the instructions of the court. *Holdsworth v. Nissly*, 520 N.W.2d 332, 337 (Iowa Ct. App. 1994).

Bryant claims the jury's award of past medical expenses and lost wages is inconsistent with its award of one dollar for past pain and suffering. Our courts have held that it is illogical to award past medical expenses to relieve pain and suffering, yet award nothing for such pain and suffering. *See Cowan v. Flannery*, 461 N.W.2d 155, 160 (Iowa 1990); *see also Foggia v. Des Moines Bowl-O-Mat, Inc.*, 543 N.W.2d 889, 892 (1996) (recognizing the inconsistency in finding an injury yet denying any pain and suffering occurred). When the jury initially returned a verdict awarding past medical expenses but no damages for past pain and suffering, the court and the attorneys recognized a potential inconsistency in the verdict; the court then gave the jury further instruction and required further deliberation. After being so instructed, the jury returned an award of one dollar for past pain and suffering.

As the district court noted, the cause and extent of Bryant's injury was contested. The evidence showed Bryant had a pre-existing medical condition or

conditions causing the same or similar reports of pain prior to the accident at issue. Dr. Bowman, Bryant's chiropractor, treated Bryant in 2006 for reports of intermittent back pain over the preceding two years, including back pain so severe that Bryant was unable to get off his hands and knees. In 2006, Bryant reported neck and shoulder pain and numbness in his arm and hand to Dr. Bowman. Dr. Bowman treated Bryant until Bryant moved to the Netherlands later in 2006. At that time, Dr. Bowman was treating Bryant for a pinched nerve in the cervical, thoracic, and lumbar areas.

The evidence also demonstrated a lack of any objective medical evidence linking the accident to Bryant's reports of pain. After Dr. Cuddihy, the workers' compensation doctor, retired, a colleague, Dr. Hartley, reviewed Dr. Cuddihy's records of Bryant's treatment. Dr. Hartley opined Bryant's headaches likely were the result of a visual impairment, noting Bryant's headaches improved considerably after Bryant obtained eyeglasses. Dr. Hartley also noted Dr. Cuddihy was unaware of Bryant's preexisting condition at the time Dr. Cuddihy formed an opinion. Dr. Hartley also opined the impairment determination made by Dr. Cuddihy *was based on Bryant's reports of pain, not on any objective findings by any physician*. Dr. Futch, a chiropractor, reviewed Dr. Bowman's records of Bryant's treatment. Dr. Futch opined there was no objective evidence of injury from the accident that would result in ongoing symptoms. Dr. Futch explained that Bryant's injuries were non-severe soft tissue injuries and that Bryant should have recovered in a reasonable time with the treatment provided. Dr. Futch also noted a lumbar spine MRI showed degenerative changes not

unexpected at Bryant's age. Dr. Hughes, retained by the other driver's attorney, examined Bryant personally and also reviewed Bryant's records. Concerning Bryant's back symptoms, Dr. Hughes noted there was no verifiable evidence of a radiculopathy (effect of injury on spinal nerves), no identifiable pathology, and no abnormalities.

In light of the foregoing, we conclude the one dollar award remedied the inconsistency, if any, because the award is not so logically and legally inconsistent as to be irreconcilable in the context of the case. The cause and extent of injury were clearly disputed, and Bryant was not credible. *See Bowers v. Grimley*, No. 08-0484, 2009 WL 139570, at *7–8 (Iowa Ct. App. Jan. 22, 2009) (noting jury's initial failure to award pain and suffering was remedied by small award following instruction to reconsider where "the cause of [plaintiff's] injuries and the extent of her injuries were clearly disputed"); *see also Kalvik*, 595 N.W.2d at 139.

Bryant also claims the verdict is inconsistent due to the jury's failure to award anything for loss of full body function despite an award for past medical expenses. Although case law supports the conclusion there may be an inconsistency when a jury awards damages for past medical expenses but not past pain and suffering, "there is not comparable case law concerning the failure to award damages for loss of use of body while awarding damages for medical expenses." *Prouty v. Martin*, No. 03-0677, 2004 WL 239998, at *2 (Iowa Ct. App. Feb. 11, 2004); *see also Leet v. Burbridge*, No. 03-0557, 2004 WL 573798, at *4 (Iowa Ct. App. Mar. 24, 2004). Loss of use of the body is the "inability of a

particular body part to function in a normal manner." *Brant v. Bockholt*, 532 N.W.2d 801, 804–05 (Iowa 1995). There is little to no evidence that Bryant is unable to use a particular body part to function in a normal manner because of this car accident. The evidence showed Bryant received the same or similar treatments for headache, neck pain, and back pain both before and after the accident. It is reasonable and consistent for the jury to have found Bryant did not prove any additional loss of function of the mind and body caused by the accident. *See id.* (finding award for future medical expense is not inconsistent with lack of award for future loss of body); *Blume v. Auer*, 576 N.W.2d 122, 126 (Iowa Ct. App. 1997) (finding no logical or legal inconsistency in awarding medical expenses but not loss of body).

We find no error in the district court's denial of Bryant's motion for new trial based on verdict inconsistency.

B.

Bryant next argues the jury's award was inadequate. He argues the award for medical expenses must have included at least $2260 in chiropractic expenses, which were for treatment of pain. Thus, Bryant asserts, an award of one dollar for pain and suffering is inadequate. Whether damages are so inadequate as to warrant a new trial is for the district court to decide, and we will ordinarily not disturb its discretion unless an abuse of discretion is shown. *See Fisher v. Davis*, 601 N.W.2d 54, 57 (Iowa 1999). "An abuse of discretion occurs when the court's decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable

degree." *WSH Props., L.L.C. v. Daniels*, 761 N.W.2d 45, 49 (Iowa 2008). The "test is whether the verdict fairly and reasonably compensates the party for the injury sustained." *Fisher*, 601 N.W.2d at 57. We cannot conclude the district court abused its discretion in denying Bryant's motion.

First, as a general rule, it is not for the courts to invade the province of the jury. *Neumann v. Serv. Parts Headquarters*, 572 N.W.2d 175, 176–77 (Iowa Ct. App. 1997). Where the verdict is within a reasonable range as indicated by the evidence, the courts should not interfere with what is primarily a jury question. *Id.* at 177. Here, the jury had two bites at the apple. The jury first found that Bryant had not proved past pain and suffering damages. On further instruction, the jury awarded Bryant one dollar. As the district court noted, it seems apparent the jury found Bryant not credible and attached little if any economic value to pain and suffering, a valuation the jury was entitled to make. *See Cowan*, 461 N.W.2d at 158 ("The amount awarded for personal injury and the resulting pain and suffering cannot be determined from evidence of value, there is no market value on such items. The facts of each case determine the value to be placed on such elements of damages.").

Second, to establish an entitlement to new trial, Bryant must show the jury awarded "inadequate damages appearing to have been influenced by passion or prejudice." Iowa R. Civ. P. 1.1004(4); *see Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 771 (Iowa 2009), as amended on denial of reh'g (Mar. 5, 2009) (stating "the grant of a new trial under rule 1.1004(4) is based on the presence of passion or prejudice in the award of damages"); *Fisher*, 601 N.W.2d at 59 ("In the future, a

party seeking a new trial on the ground that the verdict was inadequate should use the grounds in rule 244 [now rule 1.1004] rather than the common law inconsistency rule."). "[P]assion or prejudice must be found from evidence appearing in the record." *Jasper*, 764 N.W.2d at 771. There is no showing the jury was influenced by passion or prejudice. Instead, the jury reconciled competing evidence regarding the cause and extent of Bryant's injury.

Third, the relevant question is not whether the evidence would support a greater award; the relevant question is whether the district court abused its discretion in denying Bryant's motion for new trial. In making that determination, "[w]e also consider that the trial court, with the benefits of seeing and hearing witnesses, observing the jury, and having before it all incidents of the trial, did not see it fit to interfere with the jury's verdict." *Gavin v. Johnson*, No. 08-1994, 2009 WL 4114144, at *4 (Iowa Ct. App. Nov. 25, 2009). Affording the required weight we give to the facts found by the trial court, aided by seeing and hearing the witnesses, observing the jury, and having before it all incidents of the trial, we decline to interfere with the district court's denial of the motion for new trial. *See Jasper*, 764 N.W.2d at 773 ("While courts must respect the jury process, we too must respect the vantage point of the district court in assessing the evidence in ruling on a motion for new trial."); *Neumann*, 572 N.W.2d at 177 (stating the "denial of a new trial in such circumstances is more likely to be affirmed in cases where the cause or the extent of injury is disputed"); *Moore v. Bailey*, 163 N.W.2d 435, 437 (1968) (finding a jury award not inadequate when the testimony showed a serious dispute regarding the nature, extent, and severity of plaintiff's injuries

and presented "a situation in which the jury was confronted by conflicting medical testimony and was required to choose which was correct").

### III.

We have considered each of the parties' arguments, whether discussed explicitly in full herein. For the reasons set forth above, we affirm the district court's denial of Bryant's motion for new trial.

**AFFIRMED.**