**IN THE COURT OF APPEALS OF IOWA**

No. 16-1967
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK ROGER SCHOLTES SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.


        Mark Scholtes Sr. appeals his convictions following a jury trial in which he was found guilty of felony eluding and leaving the scene of a personal injury accident. **AFFIRMED.**


        Taryn R. Purcell of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A van took a Dubuque County Sheriff's deputy on a chase through a residential area and golf course, eventually launching into the air and nose diving to the ground. The State charged Mark Scholtes Sr. with several crimes. A jury found him guilty of (1) eluding while exceeding the speed limit by twenty-five miles per hour or more resulting in a bodily injury as well as the lesser-included offense of eluding while exceeding the speed limit by twenty-five miles per hour or more and (2) leaving the scene of an accident resulting in injury. *See* Iowa Code §§ 321.261(1)-(2); 321.279(2), (3)(c) (2016). The court entered judgment on the "eluding with bodily injury" verdict in the first count and on the second count. Scholtes appealed.

Scholtes contends (1) the jury rendered two inconsistent verdicts on the first count, leading to a lack of clarity as to which verdict was intended and requiring reversal of the district court's ruling on his motion in arrest of judgment as to the first count and (2) the State failed to present "any credible evidence" that he was the driver of the van, requiring reversal of the district court's ruling on his motion for a new trial as to both counts.

## I.    *Inconsistent Verdicts – Eluding*

### A.    *Error Preservation*

The jury was instructed to "sign only one verdict for each count." In the same instruction, the jury was advised of the possibility of being "polled" after the verdict was read. *See* Iowa R. Crim. P. 2.22(5) (stating a party may "require a poll asking each juror if it is the juror's verdict" and, unless "any juror expresses disagreement . . . the verdict is complete and the jury shall be discharged"). After

the jury returned two verdicts on the eluding count, Scholtes' attorney did not conduct a poll to determine which verdict was intended. However, he raised the inconsistent verdicts issue in his motion in arrest of judgment and motion for new trial. The district court denied the motions.

The State contends Scholtes was obligated to poll the jury to preserve error on his inconsistent verdicts claim. The State's argument is facially appealing, given rule 2.22(5)'s reference to a "complete" verdict absent juror disagreement. *See also Gavin v. Johnson*, No. 08-1994, 2009 WL 4114144, at *6 (Iowa Ct. App. Nov. 25, 2009) (noting that the plaintiff "made no request" to have the jury "receive additional instruction and return to deliberate" before "the jury was discharged"); *Neumann v. Serv. Parts Headquarters*, 572 N.W.2d 175, 176 n.1 (Iowa Ct. App. 1997) (suggesting the plaintiff should have made her objections to inconsistent verdicts before the jury was discharged but stating, "Defendant has not contended by agreeing to a sealed verdict plaintiff did not preserve error and we do not address this issue"). But neither the rule's express language nor caselaw mandates a jury poll to preserve error on a claim of inconsistent verdicts. To the contrary, the procedure used by Scholtes appears to suffice as an error-preservation tool. *Cf. Cowan v. Flannery*, 461 N.W.2d 155, 157, 160 (Iowa 1990) (observing that "[t]he trial court should not discharge the jury until it determines the special verdict is consistent and supported by evidence," but noting the claimed inconsistency was raised in motion for new trial or conditional trial); *Brooks v. State*, No. 16-0710, 2017 WL 2461504, at *6 n.3 (Iowa Ct. App. June 7, 2017) (rejecting error preservation concern on challenge

to consistency of verdicts where parties agreed to a sealed verdict). Accordingly, we proceed to the merits.

### B. Claimed Inconsistency

Citing *State v. Halstead*, 791 N.W.2d 805 (Iowa 2010), Scholtes asserts the jury rendered "inconsistent compound verdicts." Inconsistent verdicts may stem from a broad array of circumstances. *See Halstead*, 791 N.W.2d at 807. In *Halstead*, the court addressed "a single defendant who is convicted of a compound crime and acquitted of the predicate crime in a single proceeding." *Id.* at 808. In this type of case, the court concluded "the conviction cannot stand." *Id.* at 814.

We are not faced with a compound inconsistency or, indeed, any inconsistency. Although the jury improperly found Scholtes guilty of both (1) "[e]luding while speeding 25 mph over the speed limit and resulting in a bodily injury" and (2) "[e]luding while speeding 25 mph over the speed limit," the verdicts as worded were not inconsistent; the lesser-included offense did not mention the absence of the bodily injury element. *Cf. State v. Hernandez*, 538 N.W.2d 884, 888 (Iowa Ct. App. 1995) ("Having concluded that assault while participating in a felony is a lesser included offense of the intentional infliction of bodily injury alternative of first-degree burglary, we summarily reject the argument by [the defendant] that the verdicts were legally inconsistent."). In addition, the verdict the jury intended was clear; the jury necessarily found that the State proved bodily injury by finding Scholtes guilty of leaving the scene of a personal injury accident resulting in injury. We affirm the district court's denial of

Scholtes' motion in arrest of judgment and new trial motion as it relates to the claimed inconsistency of the verdicts in Count I.

## II.     *Credible Evidence of Driving*

As noted at the outset, Scholtes argues "[t]he State failed to present any credible evidence that [he] was the driver of the vehicle," an essential element of the crimes in both counts. Where a claim is made that a verdict is contrary to the weight of the evidence, "the verdict may be set aside and a new trial granted" if "the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted." *State v. Serrato*, 787 N.W.2d 462, 471-72 (Iowa 2010) (quoting *State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998)). "A verdict is contrary to the weight of the evidence where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (quoting *Ellis*, 578 N.W.2d at 658).

In denying Scholtes' new trial motion, the district court provided the following reasoning:

> The State proved that the vehicle involved in the incident was registered to the defendant's spouse. Also, the defendant's spouse testified that the vehicle was at the defendant's house when she left the house. The defendant's spouse testified that her car broke down and shortly after the car broke down she called the defendant. Then, shortly after the call, the vehicle involved in the incident is located by the deputy on a route that corresponds with the route between the defendant's house and the location of the broke down car. The other occupant located at the crash scene testified that he wasn't the driver and testified further that he doesn't know how to drive a motor vehicle. The court finds that these pieces of evidence provide overwhelming circumstantial evidence that the defendant was the driver.

We discern no abuse of discretion in this reasoning. *See Serrato*, 787 N.W.2d at 472. What's more, Scholtes' cell phone was found just outside the driver-side door of the van and the passenger identified Scholtes as the driver. Although the passenger was high at the time of the crash, his inability to drive lent credence to his identification. We affirm the district court's denial of Scholtes' motion for a new trial.

Scholtes' convictions for (1) eluding while exceeding the speed limit by twenty-five miles per hour or more resulting in a bodily injury and (2) leaving the scene of an accident resulting in injury are affirmed.

**AFFIRMED.**