George WASSOM and May Elizabeth Wassom, Appellees,

v.

SAC COUNTY FAIR ASSOCIATION, a Corporation, Appellant.

No. 65304.

Supreme Court of Iowa.

Dec. 23, 1981.

Lon R. Tullar, Sac City, for appellant.

Thomas L. McCullough, Sac City, for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

Plaintiffs brought this action for specific performance of a preemptive right of first refusal. Defendant landowner did not counterclaim but did assert affirmative defenses. The trial court rejected the affirmative defenses but denied plaintiffs any relief because there was insufficient evidence to prove defendant's willingness to sell the property. Because of the trial court's rejection of the affirmative defenses defendant

filed this appeal. We find that, because the trial court's judgment was not adverse, defendant cannot appeal.

In 1966 plaintiffs purchased real property from the defendant. The contract contained this additional provision:

The party of the first part does hereby grant an option to the second parties to purchase the south twenty (20) feet of Lot Sixteen and Lots Seventeen (17) and Eighteen (18), Block One (1) Fairview Addition to Sac City, Iowa, before sale of the above described premises, all or in part, is made to a third party or parties. If parties of the second part choose to exercise the above option the sale price shall be at the rate of $31.00 per foot for the lots on the paved street and $25.00 per foot for the lots on gravel street.

Although the agreement and the parties chose to call this provision an option we believe it should be described as a preemptive right of first refusal. See 11 S. Williston, *Contracts*, § 1441A at 948–49 (3rd ed. W. Jaeger 1968):

While options and the so-called "right of first refusal" are sometimes confused, there is a clear and classic distinction: The option compels performance within the time limit specified, or if none is mentioned, then within a reasonable time, whereas the right of first refusal has no binding effect unless the offeror decides to sell. (Footnote omitted.)

For a combination of reasons the plaintiffs believed defendant had found a purchaser and intended to sell the property. Accordingly they offered defendant a specific sum for the property, and tendered a down payment. When defendant refused to sell this suit was brought.

Answering, defendant denied plaintiffs were entitled to specific performance and added the two affirmative defenses. Defendant asserted the provision was "too incomplete, vague, and uncertain to permit specific performance." Defendant also claimed waiver, saying plaintiffs failed to abide by the terms of the provision. As has been noted, however, defendant did not

counterclaim for declaratory or any other relief.

The trial court filed an extensive ruling containing findings and conclusions and which adjudged: "(1) that plaintiffs' petition for specific performance is hereby dismissed; (2) that the attempt by defendant to require plaintiffs to elect under the option is a nullity, void *ab initio*, and the option presently retains the same status as it has since its inception in 1966; and (3) costs of this action are taxed one-half to each of the parties . . . ." In this appeal defendant complains of the second and third items of the trial court's adjudication.

I. Defendant obtained a dismissal of plaintiffs' suit. This was all the relief sought by defendant's pleadings. Although defendant might be somewhat disappointed in the trial court's disagreement with the affirmative defenses, those matters were asserted, not as the basis for any relief prayed, but only defensively, as alternative grounds for denying the plaintiffs' relief. The trial court's rejection of the affirmative defenses was dicta; it was wholly unnecessary as a part of the trial court's determination. Indeed, the rejection in paragraph two of the adjudication was announced after the trial court had already dismissed plaintiffs' petition.

 Accordingly, defendant has no right to appeal. A party may appeal only from an adverse judgment. A familiar and long-established rule prohibits any appeal from a finding or conclusion of law not prejudicial, no matter how erroneous, unless the judgment itself is adverse. *Shaw v. Addison*, 236 Iowa 720, 733, 18 N.W.2d 796, 803 (1945), and authorities there cited; *In re Estate of Keeler*, 225 Iowa 1349, 1359, 282 N.W. 362, 367 (1938).

II. Finally, the defendant complains of the trial court's assessment of costs. Section 625.3, The Code 1979, provides for apportioning costs among the parties on an equitable basis when trial results in mixed success for the parties. Section 625.1, on the other hand, provides that costs shall be recovered by the successful party against the losing party.

We have said the trial court's determination in favor of plaintiff was dicta. Accordingly it would seem that the costs should have been assessed in accordance with section 625.1, not 625.3. But it would be inappropriate for us to review the assessment. We have long adhered to the rule that an appeal which leaves nothing to litigate except costs should be dismissed. *Hampton v. McKeehan*, 187 Iowa 1141, 1143, 175 N.W. 5, 6 (1919), and authorities there cited.

APPEAL DISMISSED.