Dorothy BLUME, Plaintiff–Appellant,

and

Ronald Blume, Plaintiff,

v.

George G. AUER, Robert Merrick, and
Andrew C. Smith, Defendants–
Appellees.

No. 96–0175.

Court of Appeals of Iowa.

May 29, 1997.

Thomas L. Staack and Chad A. Swanson of Dutton, Braun, Staack, Hellman & Iversen, P.L.C., Waterloo, for appellant.

Amy H. Snyder and Robert V.P. Waterman, Sr. of Lane & Waterman, Davenport, for appellees Merrick and Smith.

Thomas F. Ochs, Raymond R. Stefani and Steven A. Stefani of Gray, Stefani & Mitvalsky, P.L.C., Cedar Rapids, for appellee Auer.

Heard by HABHAB, C.J., and HUITINK and STREIT, JJ.

HUITINK, Judge.

In this appeal Dorothy Blume contests the adequacy and consistency of a jury's special verdict awarding damages for medical negligence. Because we find the verdict is not inadequate or inconsistent, we affirm the district court's denial of Blume's motion for a new trial on damages.

### I. Background Facts and Proceedings.

Dorothy Blume was admitted to Guttenburg Hospital on April 2, 1991, by her physician, Dr. Andrew Smith, after she complained of abdominal pain, nausea, and vomiting. Because her complaints continued after twenty hours in the hospital, Dr. George Auer, assisted by Dr. Robert Merrick, performed exploratory surgery to determine the cause of Blume's condition. This procedure revealed "multiple loops of dead small bowel" resulting from blood clots that obstructed blood flow in a portion of Blume's small bowel. This condition, known as "mesenteric venous thrombosis," necessitated removal of six feet of Blume's small bowel.

On April 11, 1991, Blume displayed symptoms requiring a second surgery. During this surgery Dr. Auer repaired leaks from Blume's small bowel at the site where her remaining viable small bowel was joined during the April 3 surgery.

Blume's recovery from these surgeries was problematic. Her post operative experience included diarrhea, infection in her surgical wounds, and malnutrition. On April 24, 1991, Blume was transferred to Mercy Health Center (MHC) in Dubuque for assessment and treatment of these conditions.

Following this transfer, Blume underwent additional surgeries to treat the infection in her surgical wounds and a pelvic abscess. She also was provided with nutritional supplements. After discharge from MHC on July 7, 1991, Blume continued to receive treatment for infection and medication for chronic diarrhea. In February 1992, her internist, Dr. Runde, noted that her surgical wounds were completely healed. Blume, however, continued to suffer diarrhea and

this condition remained unresolved as of the date of trial.

Blume and her husband, Ronald, sued Dr. Smith, Dr. Auer, and Dr. Merrick for damages they claimed were caused by the doctors' combined negligence in diagnosing and treating Dorothy Blume's illness. At trial, Blume's expert witness testified Dr. Smith failed to correctly assess Blume's medical condition on April 2, 1991, and he waited too long before consulting with Dr. Auer regarding Blume's surgery. He testified that the damage to Blume's small bowel could have been reduced or eliminated if surgery was performed immediately following her admission to the hospital on April 2, 1991.

He also testified that Dr. Auer failed to timely and properly perform necessary surgery on Blume and these omissions contributed to Blume's problematic post operation recovery. The witness cited Dr. Auer's failure to monitor Blume's symptoms and he testified Blume's postoperative complications resulted from Dr. Auer's delay in performing the second surgery.

Lastly, Blume's expert witness testified that all three doctors failed to properly treat Blume's surgical wounds and resulting infections. Their failure to surgically treat the infected areas by removing dead and infected tissues (debridement) and failure to provide for Blume's nutritional needs were cited as additional omissions contributing to the severity of the infection in Blume's surgical wounds.

The trial record also includes evidence of Blume's pain and discomfort resulting from these circumstances. There is evidence that Blume's chronic diarrhea is permanent and she will require medication to control it for the remainder of her life. The parties stipulated that all but $6427 of Blume's $153,000 medical expenses were paid by her insurance carrier.

The doctors denied that they were negligent or that their negligence was the cause of any damages Blume claimed. They offered expert testimony indicating each of them complied with the standard of medical care applicable under these circumstances. Their experts disputed Blume's claim that earlier surgical intervention would have prevented all or most of her small bowel loss. There is also expert testimony indicating Blume's small bowel loss was inevitable and chronic diarrhea is an unavoidable consequence for those patients who survive mesenteric venous thrombosis.

The doctors' experts also disputed Blume's claims regarding her post operation infections. Her complicated medical history, including diabetes and heart disease, was cited as a factor explaining the severity of her infections and her extended healing period.

The district court's jury instructions included those specifications of negligence for which the court found sufficient evidentiary support. These specifications were recited in separate marshaling instructions for each defendant (Instruction Nos. 12, 13, and 14). All three instructions included specifications regarding the doctors' alleged failure to order proper nutrition for Blume and their failure to properly care for Blume's surgical wound. Instruction No. 12, concerning Dr. Auer, also specified his failure to timely perform surgery on April 3, 1991, his failure to properly perform surgery on April 3, and failure to perform a "second look surgery" on April 3, 1991. Instruction No. 14, concerning Dr. Smith, included specifications regarding his failure to properly diagnose Blume's medical condition on April 2, 1991, and failure to timely request a surgical consultation.

Blume also requested instructions providing additional specifications of negligence concerning all three doctors. These specifications included failure to refer Blume to more qualified physicians, failure to administer proper nutrition, failure to grasp Blume's nutritional condition and timely consult a certified dietitian, and failure to recognize Blume had a pelvic abscess requiring surgery. The district court rejected these requested additional specifications.

The district court also submitted special verdict forms that required the jury to separately determine whether each defendant was at fault. Blume's request for a separate question requiring the jury to indicate its findings regarding each specification of negligence included in the marshaling instructions was also rejected.

The special verdict form included a question requiring the jury to itemize any damages awarded to Blume. The six items of damage specified were past medical expenses, future medical expenses, past loss of use of body and mind, future loss of use of body and mind, past pain and suffering, and future pain and suffering.

The special verdict returned by the jury found each of the doctors were at fault and their respective fault was a proximate cause of the damages suffered by Dorothy Blume. The jury divided fault equally among the doctors assigning each 33⅓ percent of the total fault. Blume was awarded $6427 for past medical expenses, $2500 for past pain and suffering, and $1472 for future pain and suffering. The $10,400 total damage award did not include damages for past or future loss of function of the body and mind. Blume's motion for an additur or in the alternative a new trial on damages was denied.

On appeal Blume contends the district court erred in denying her post trial motions. She argues the jury's damage award is inherently inconsistent and the amount of damages awarded is inadequate. Blume also contends the district court should have submitted the additional specifications of negligence and included related questions in the special verdict forms.

## II. Scope of Review.

Our review in this case is limited to errors at law. Iowa R.App.P. 4. We review the denial of a motion for a new trial for an abuse of discretion. Iowa R.App.P. 14(f)(3).

## III. Instructional Error.

Our first concern is whether Blume is entitled to appeal the district court's adverse rulings on the proposed jury instructions and special verdict forms. It is well settled that "a party may not appeal from a finding or conclusion of law not prejudicial, no matter how erroneous, unless the judgment itself is adverse." *Fankell v. Schober*, 350 N.W.2d 219, 221 (Iowa App.1984) (citing *Wassom v. Sac County Fair Ass'n*, 313 N.W.2d 548, 550 (Iowa 1981)).

■ The record indicates the jury found each of the defendant doctors at fault without the benefit of Blume's additional specifications of negligence or proposed special verdict forms. Blume, as the prevailing party at trial, suffered no prejudice as the result of any instructional errors made by the district court. We therefore decline to consider Blume's challenge to the district court's jury instructions. *See Benson v. Chase Grain Storage Co.*, 246 Iowa 591, 600, 67 N.W.2d 433, 438 (1954) (if appeal does not lie, the court may dismiss it on its own motion).

## IV. Damage Issues.

■ Blume seeks a new trial on damages citing inadequacy and inconsistency of the jury's damage award. A new trial may be granted if the jury awards inadequate or excessive damages. Iowa R.Civ.P. 244(d) and (f). "Damages awarded should be sufficient to right the wrong done to the injured party." *Yoch v. City of Cedar Rapids*, 353 N.W.2d 95, 99 (Iowa App.1984). The test for adequacy is "what will fairly and reasonably compensate an injured party for the injury sustained." *Householder v. Town of Clayton*, 221 N.W.2d 488, 493 (Iowa 1974). The verdict is adequate if it bears a reasonable relationship to the loss suffered. *Id.*

■ The jury's award of itemized damages should be logically and legally consistent. *Hoffman v. Nat'l Medical Enterprises, Inc.*, 442 N.W.2d 123, 126–127 (Iowa 1989). In *Hoffman*, the court provided the following guidance on this issue:

It is fundamental that a jury's verdicts are to be liberally construed to give effect to the intentions of the jury and to harmonize the verdicts if it is possible to do so. The test is whether the verdicts can be reconciled in any reasonable manner consistent with the evidence and its fair inferences, and in light of the instructions of the court. Only where the verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.

*Id.* at 126.

■ The jury, as the finder of fact, is free to accept or reject evidence on this or any other issue. *Eickelberg v. Deere*, 276

N.W.2d 442, 447 (Iowa 1979). If the special verdict form requires the jury to itemize damages, its determination on each item constitutes a special finding of fact. *Cowan v. Flannery*, 461 N.W.2d 155, 158 (Iowa 1990). If the jury's findings are not supported by the evidence, a new trial must be granted. *Id.* (citations omitted).

The determinative question for the district court was whether the verdict effected substantial justice between the parties. *Kautman v. Mar–Mac Community School Dist.*, 255 N.W.2d 146, 147–48 (Iowa 1977). In ruling on a motion for new trial the district court exercises broad but not unlimited discretion. Iowa R.App.P. 14(f)(3). We will not interfere unless there has been an abuse of the district court's discretion. *Id.*

■ In this case, the jury was required to consider multiple specifications of negligence with distinct causal connections with the items of damages included in the special verdict form. The items of damages awarded necessarily depended on the specifications of negligence implicitly accepted by the jury in its determinations of fault and proximate cause. The inherent consistency of the verdict must therefore be assessed by searching the record for evidence supporting the damages awarded and one or more of the specifications of negligence submitted. This analysis does not, as Blume suggests, require the court to presume the jury found the defendants were negligent in every respect specified.[1] We reject this notion because the presumption is unnecessary and it arguably conflicts with our rule requiring the court to determine whether the jury's verdicts are adequately supported by the evidence in the record.

■ Blume argues the jury's failure to award damages for loss of function is legally and logically inconsistent with its award of medical expenses and damages for pain and suffering. We disagree.

■ An award of medical expenses or pain and suffering damages is not legally inconsistent with the jury's failure to award damages for loss of function of the body. *Brant v. Bockholt*, 532 N.W.2d 801, 804–805 (Iowa 1995); *Jackson v. Roger*, 507 N.W.2d 585, 589 (Iowa App.1993). Blume's argument also presumes the jury found the doctors were negligent in failing to timely diagnose and treat her abscess and that her chronic diarrhea was caused by medical negligence. Both of these propositions were vigorously disputed at trial. The record contains expert testimony on both sides of the issue. The jury, based on the conflict in the evidence, could reasonably conclude that Blume's loss of bowel function was the inevitable result of her disease, rather than medical negligence. Moreover, the record is devoid of any evidence indicating Blume suffered functional impairment of her body, *in addition to pain and suffering,* as a result of other specified medical negligence.[2] Finding no logical or legal inconsistency, we decline to disturb the jury's verdict on this ground.

■ We also disagree with Blume's assertion that the jury's award for pain and suffering is inadequate. The amount of damages awarded for pain and suffering cannot be determined from evidence of value because there is no tangible or market value for such damages. *Cowan v. Flannery*, 461 N.W.2d at 158 (citations omitted). Consequently, the assessment of pain and suffering damages is within the jury's discretion. We will not interfere unless the jury's award is so small or so large that it "shocks the conscience." *Id.*

As noted earlier, the cause and extent of Blume's injuries were disputed at trial. There is substantial evidence indicating Blume's pain and suffering were coincidentally associated with conditions that were not the result of medical negligence. We do not believe the jury intended to minimize the

---

1. Blume contends the court must presume the jury found each defendant at fault for each act of negligence. *See* 75B Am.Jur.2d *Trial* § 1798 (1992). There is no similar Iowa authority supporting this rule and we, for the foregoing reasons, reject its application in this case.

2. Loss of function of the body relates to functional impairment of a body part. It does not include conditions of incapacity embraced within the definition of pain and suffering. *Brant v. Bockholt*, 532 N.W.2d 801, 805 (Iowa 1995).

extent of Blume's pain and suffering. Rather, we conclude the jury reasonably found the portion of Blume's pain and suffering caused by the doctors' negligence only justified a modest award of damages.

We, based on our limited scope of review, are unable to say the district court abused its discretion in denying Blume's motion for a new trial. The judgment of the district court is affirmed.

**AFFIRMED.**