**IN THE COURT OF APPEALS OF IOWA**

No. 13-0931
Filed October 15, 2014

**CHRISTINE WAGNER, Daughter of**
**JANICE R. BRISSEY, Deceased,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.

Christine Wagner, individually and as the executor of Janice Brissey's estate, appeals from the district court's denial of her motion for new trial and judgment notwithstanding the verdict. **AFFIRMED.**

Thomas J. Duff of Duff Law Firm, P.L.C., and Roxanne Conlin of Roxanne Conlin & Associates, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Joanne Moeller and Anne Updegraff, Assistant Attorneys General, and John P. Sarcone, County Attorney, for appellee State.

Heard by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Christine Wagner, individually and as the executor of Janice Brissey's estate, appeals from the district court's denial of her motion for new trial and judgment notwithstanding the verdict. She asserts the verdict is inconsistent with the facts of the case because the driver of the vehicle that struck Brissey's car was—at least to some degree—negligent. Because we conclude that, given the facts of the case, the jury could have found the driver was not negligent, we affirm.

## I. Factual and Procedural Background

On June 15, 2008, a bus driven by Trevor Daniels, a member of the Iowa National Guard, struck the vehicle of Janice Brissey from the rear. Brissey died as a result of injuries sustained in the crash. Christine Wagner, Brissey's daughter, was appointed executor of Brissey's estate. At trial, the jury could have found the following facts.

In the early evening of June 15, Daniels was assigned to drive an empty bus from Burlington to Iowa City to pick up members of the Iowa National Guard, to assist in flood recovery efforts. Jeff Ward accompanied him and sat in the front seat. Daniels was driving west on U.S. Highway 34, a divided four-lane uncontrolled access highway, with the sun setting directly in front of him. Neither Ward nor Daniels was wearing sunglasses, but the sun visor was down. Daniels testified the sun "was bright, but it wasn't blinding," and he could see clearly. Ward testified the "vehicles that were further out ahead of us I don't recall being

able to see very well." The bus was being driven at or below sixty-five miles per hour, the posted speed limit.[1]

Brissey, who was sixty-eight years old, had turned right onto the highway, and traveled west about 2000 feet. At this point Brissey's car was approximately 1000 feet in front of the bus and 480 feet from the next intersection. The speed at which she was driving was a matter of contention, but it was estimated to be between zero and twenty miles per hour.[2] Shortly before impact, Daniels stated he took a sip of his energy drink, placed it between his legs, but did not think he took his eyes off the road while doing so. He then checked his side mirror. Meanwhile, Ward reached over to either zip or unzip a bag. The bus went up an incline at fifty-five to sixty miles per hour. The bus was approximately 150 to 200 feet from Brissey's car when both men saw it. Daniels braked and attempted to steer to the right, given he was blocked from steering to the left by cars in the left lane, but the bus hit Brissey's vehicle from behind, resulting in her death. There were no pre-impact skid marks on the road.

Wagner, individually and as the executor of Brissey's estate, filed a wrongful death suit against the State of Iowa.[3] A jury trial was held from February 4 to February 13, 2013. On February 13, the jury returned a verdict in

---

[1] The bus could not have been going more than sixty-five miles per hour at any time due to the governor—a device which limited the vehicle's speed—that had been installed.

[2] Stan Oglesby, a former Missouri State Trooper with accident investigation and reconstruction experience, testified that the sun was a factor in this accident, but that based on his calculations, Brissey's car was either stopped or driving, at most, twenty miles per hour. He further stated drivers should not be expected to see a vehicle that, for all practical purposes, was stopped on a four-lane highway.

[3] The amended petition substituted the State of Iowa for the originally-named defendants, Daniels and the Iowa National Guard. While the State is the defendant, the verdict forms use "Daniels" as the defendant. Therefore, in this opinion, all references to the State will be to Daniels.

favor of the defendant, finding Daniels was not at fault. Wagner then filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial, which the State resisted. A hearing was held on April 5, and on May 24, the district court denied the motion. Wagner appeals.

## II. Standard of Review

Our review of a district court's ruling on a motion for judgment notwithstanding the verdict is for correction of errors at law. *Roling v. Daily*, 596 N.W.2d 72, 74 (Iowa 1999). We examine the evidence in the light most favorable to the nonmoving party. *Magnusson Agency v. Public Entity Nat'l Co.-Midwest*, 560 N.W.2d 20, 25 (Iowa 1997). We limit our review to the grounds raised in the motion for directed verdict. *Schlegel v. Ottumwa Courier*, 585 N.W.2d 217, 221 (Iowa 1998). We inquire whether substantial evidence supports submission of the case to the jury. *Magnusson Agency*, 560 N.W.2d at 25. Evidence is substantial if a reasonable mind could accept it as sufficient to reach the same conclusion. *Schlegel*, 585 N.W.2d at 221.

On a motion for new trial our review also depends upon the grounds raised in the motion. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006). Because the motion at issue here was based on a legal question, we review the district court's ruling for an abuse of discretion. *See id.* The determinative question for the district court was whether the verdict effected substantial justice between the parties. *Kautman v. Mar-Mac Cmty. Sch. Dist.*, 255 N.W.2d 146, 147–48 (Iowa 1977). We note appellate courts are "reluctant to interfere with a jury verdict." *Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 594 (Iowa 1999).

**III. Whether the District Court Properly Denied Wagner's Motion**

Wagner argues the verdict is inconsistent with, and contrary to, the jury instructions and the undisputed facts of the case. She asserts that striking another vehicle from behind is evidence of negligence and the facts also show Daniels did not keep a proper lookout and failed to maintain an assured clear distance ahead. Therefore, the district court erred when it denied her motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial.

A new trial may be granted, and the jury verdict set aside, when the verdict is so logically and legally inconsistent it is irreconcilable in the context of the case. *Blume v. Auer*, 576 N.W.2d 122, 125 (Iowa Ct. App. 1997). In assessing whether the jury verdict is inconsistent, we are mindful that a jury's verdict is to be liberally construed to give effect to the intentions of the jury. *Id.* at 126. The test is whether the verdict can be reconciled in any reasonable manner consistent with the evidence, its fair inferences, and in light of the instructions of the court. *Kalvik ex rel. Kalvik v. Seidl*, 595 N.W.2d 136, 139 (Iowa Ct. App. 1999). Questions of negligence, contributory negligence, and proximate cause are for the jury to determine. *Crookham v. Riley*, 584 N.W.2d 258, 265 (Iowa 1998).

The jury was instructed that Wagner must prove Daniels was negligent in one of the following ways:

> 1. Driving the bus at a speed greater than what would permit him to stop within an assured clear distance ahead; or
> 2. Failing to keep a proper lookout; or
> 3. Failing to have the bus under control; or
> 4. Driving at a speed greater than circumstances would indicate was reasonable and proper.

Jury instruction number twenty-one in this case stated: "Striking the rear of Janice Brissey's car is evidence of negligence on the part of Defendant." Jury instruction number eighteen defined "proper lookout," stating:

> "Proper lookout" is the lookout a reasonable person would keep in the same or similar situation. It means more than looking and seeing. It includes being aware of the operation of the driver's vehicle in relation to what the driver saw or should have seen. The duty to maintain a lookout includes the duty to stop if a driver has lost visibility entirely.
> A violation of this duty is negligence.

Viewing the evidence in the light most favorable to the non-moving party, the district court did not err in denying Wagner's motion. *See Bredberg v. Pensico, Inc.*, 551 N.W.2d 321, 326 (Iowa 1996) (holding that we take "into consideration every legitimate inference that may fairly and reasonably be made" from the evidence). As our supreme court has noted, while striking a car from behind might not have occurred had the defendant used reasonable care, "the happening of the injury permits but does not compel an inference that defendant was negligent." *Schneider v. Swaney Motor Car Co.*, 136 N.W.2d 338, 343 (Iowa 1965). The jury instruction itself stated the fact Brissey's vehicle was struck from behind was evidence of negligence, not negligence per se. The jury could have—but was not required—to find Daniels negligent. Therefore, the totality of the evidence demonstrates the jury did not act contrary to the jury instructions when choosing to decide Daniels was not negligent. *See Matuska v. Bryant*, 150 N.W.2d 716, 736 (Iowa 1967) (holding the fact the plaintiff driver had 400 feet of unobstructed view and did not see the other car until the instant of the crash did not prove she was negligent as a matter of law).

Wagner claims that because some facts were undisputed, the jury could not have found Daniels to be free from any negligence. In particular, Wagner notes Daniels "may have" taken his eyes off the road long enough to take a sip of his drink. She also believes Daniels should have been wearing sun glasses, to aid his vision. She claims these failures support her position that Daniels failed to keep a proper lookout, which would lead the jury to conclude he failed to keep his vehicle under control to avoid the collision. Therefore, the jury should have found Daniels was at least partly to blame for the accident. However, the jury was free to sort through the disputed and undisputed facts and to accept or reject any testimony, given that credibility is a fact question. *See Eickelberg v. Deere & Co.*, 276 N.W.2d 442, 447 (Iowa 1979).

In finding Daniels not at fault, the jury clearly focused on the evidence that put Brissey totally at fault. Daniels was driving at or below the speed limit, whereas Brissey was driving extremely slowly or was stopped, which created a hazard for other vehicles, particularly on a high-speed, four-lane highway. Specifically, there was expert testimony that stated drivers should not be expected to see a vehicle that, for all practical purposes, is stopped in the road. Both Ward and Daniels testified the glare of the sun as the bus topped a rise could have obstructed Daniels's view. However, Ward testified that, although Daniels had taken a sip of his energy drink, "he would turn his head to the side so he could keep one eye on the road while driving." The jury's determination that Daniels was not at fault "is consistent with the intent and purpose of the comparative fault statute, which allows the fact finder to assign fault (without explanation) to one or more parties claimed to have contributed to plaintiff's

8

injuries." *Bredberg*, 551 N.W.2d at 329. Consequently, the district court did not err in refusing to upset the jury's verdict by denying Wagner's motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Consequently, we affirm the district court's denial of Wagner's motion.

**AFFIRMED.**

Bower, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, C.J.** (concurring specially)

I concur specially because I disagree with the reasoning of the majority, but I agree with the result.

I am troubled by the jury's verdict finding the State of Iowa not at fault. Nevertheless, I conclude Wagner has failed to preserve error on the issue of whether the jury's verdict was inconsistent with the evidence.

A verdict is inconsistent if it cannot "be harmonized in a reasonable manner consistent with the jury instructions and the evidence of the case, including fair inferences drawn from the evidence." *Clinton Physical Therapy Servs.,* 714 N.W.2d at 613. Our court has previously concluded that, unless the parties consented to a sealed verdict, a party must preserve error to challenge an inconsistent verdict before the jury has been discharged. *McGinnis v. Vischering L.L.C.*, No. 10-1426, 2011 WL 5867051, at * 4 (Iowa Ct. App. Nov. 23, 2011). In *McGinnis* we reasoned:

> In addition to preserving judicial resources, requiring a party to challenge an inconsistent verdict before the jury is discharged also prevents a dissatisfied party from withholding timely notice of problems, which could have been cured by the original jury, as a pretext for seeking a second bite of the apple before a new jury that might be more receptive to its claims. Because the plaintiffs failed to raise an objection to the verdicts at the earliest possible time, robbing the court of the most efficient and convenient corrective action, we find they have failed to preserve error on their claim that the verdict was inconsistent.

*Id.* at *3 (internal quotations and citations omitted). I agree with this sound reasoning.

Here, Wagner failed to raise her objection before the jury was discharged. Accordingly, I conclude Wagner failed to preserve error on the issue of whether

the verdict was inconsistent with the evidence. For these reasons, I conclude the district court did not abuse its discretion in denying the motion for new trial. *See WSH Props., L.L.C. v. Daniels*, 761 N.W.2d 45. 49 (Iowa 2008) ("Our standard of review for rulings on a motion for new trial depends on the grounds for new trial asserted in the motion and ruled upon by the court. Where the motion and ruling are based on a discretionary ground, our review is for an abuse of discretion.").