# IN THE COURT OF APPEALS OF IOWA

No. 22-0332
Filed October 5, 2022

**DIETER ALFRED SCHEWE,**
    Plaintiff-Appellant,

**vs.**

**JACOB BECK and CLINTON COUNTY, IOWA,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Clinton County, Mark R. Lawson,

Judge.


    Plaintiff appeals the denial of his motions for new trial or additur and

disputes the taxation of deposition costs. **REVERSED AND REMANDED.**


    Marc S. Harding of Harding Law Office, Des Moines, for appellant.

    Corinne R. Butkowski of Lynch Dallas, P.C., Cedar Rapids, for appellees.


    Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Dieter Schewe alleged injuries from a motor vehicle accident caused by Jacob Beck, a Clinton County employee and the driver of the county's road grader.[1] But a jury determined that both Schewe and Beck were equally at fault. For damages, the jury awarded $1000 to Schewe for medical expenses, $3000 for past pain and suffering, and $1000 for property damage. Unhappy with the damage award, Schewe moved for a new trial or, in the alternative, additur. The district court denied the motions for new trial or additur but took up the Defendants' request to tax the cost of a deposition and photographs against Schewe, which it did. Now Schewe appeals, arguing his post-trial motions should have been granted and the district court's assessment of certain costs against him was wrong. We agree with Schewe's position on the post-trial ruling and taxation of costs issues.

We dive into our reasoning behind the resolution of this dispute below.

**Post-Trial Motions.**

Both parties assert the standard of review involving a district court's denial of a motion for new trial or request for additur is for abuse of discretion. We agree, as a new-trial motion based on a discretionary ground is reviewed for an abuse of discretion. *See Loehr v. Mettille*, 806 N.W.2d 270, 277 (Iowa 2011). In ruling on the motion for new trial, the district court noted confusion over the grounds Schewe asserted and addressed its reasoning under Iowa Rule of Civil Procedure

---

[1] Schewe brought his action against Beck, individually, and against the county under a vicarious liability theory. For simplicity we refer to Jacob Beck and Clinton County collectively as the Defendants.

1.1004(6), whether "the verdict . . . is not sustained by sufficient evidence, or is contrary to law." On appeal, Schewe advances that same rule, arguing the verdict is inadequate and bears no relationship to the loss suffered. If it is shown damages are inadequate, refusal to grant either an additur or a new trial is an abuse of discretion. *Kerndt v. Rolling Hills Nat'l Bank*, 558 N.W.2d 410, 417 (Iowa 1997). "An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds." *Lawson v. Kurtzhals*, 792 N.W.2d 251, 258 (Iowa 2010). "In ruling upon motions for new trial, the district court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties." Iowa R. App. P. 6.904(3)(c). And we are "slower to interfere with the grant of a new trial than with its denial." Iowa R. App. P. 6.904(3)(d).

**Motion for New Trial.**

Arguing the uncontroverted evidence of medical expenses did not match the damages award, Schewe moved for a new trial or for additur. Schewe claims the billings presented at trial established medical expenses of $10,269: $200 for Andover Ambulance services, $9949 for evaluation at Mercy Medical Center, and $120 for treatment at Genesis Hospital where Schewe's passenger was admitted and where Schewe fainted after arriving.[2] The Defendants objected that the bills were not causally related to the motor vehicle accident, but the billing records and some treatment records were admitted into evidence. There was little discussion

---

[2] On the billing exhibits submitted, the Andover Ambulance charge was $300, reduced by a $98 insurance payment and a $2 adjustment to get to the billed amount of $200. The Mercy Medical billing showed "charges" and "total payments" of $9949 with a zero balance at the end, but the document also reflected several Medicare and insurance adjustments totaling $14,829 that were not explained at trial.

over the billings other than statements that the charges represented only treatment from the day of the collision. Despite evidence of the amount of each billing, the jury awarded Schewe $1000 for past medical expenses. Pointing to Iowa Rule of Civil Procedure 1.1004(5), which allows a new trial if the amount of recovery is too large or too small, Schewe maintains the verdict was not "sustained by sufficient evidence."

The Defendants contend the "extent, causation, and severity of [Schewe's] injuries were contested through testimony and evidence including the paid medical expenses."[3] On this subject the district court found:

> The evidence concerning medical expenses is not as uncontroverted as [Schewe] asserts. [Schewe's] attorney asked for an award of $10,000 for past medical expenses in closing argument. This is less than the amount he now claims the jury should have awarded. [Schewe] was not questioned extensively at trial about the medical bills. He did not have a recollection of paying any medical bills. He was surprised when his attorney asked him if he knew he would be required to reimburse medical expenses which had been paid by third parties and denied any knowledge of this obligation.

After dissecting the medical billing exhibits, which showed payments for the majority of the bills by the providers and only small balances due, the district court expanded upon the record by noting: "Since the issue of reimbursement was murky at best, a reasonable factfinder could conclude [Schewe] incurred [out]-of-pocket medical expenses in the amount of $320. The jury awarded $1000. This award is supported by sufficient evidence. [Schewe's] substantial rights were not materially affected." But this ruling does not take into account the law of the case as

---

[3] During their closing, the Defendants argued: "Damages. I don't think you'll get to number six, but if you do, you'll have those past medical expenses. You can add them up yourself. It only comes up to about $5,900 based on what was paid in those medical bills you have."

established by the instructions given to the jury. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) (noting that an instruction given to the jury without objection becomes the law of the case); *see also Froman v. Perrin*, 213 N.W.2d 684, 689 (Iowa 1973) ("If no objection is taken, the instruction, right or wrong, becomes the law of the case."). Here, over no objection, the jury was instructed not to consider any reimbursement issues:

> You have heard evidence that the plaintiff's health insurer has made certain payments of the plaintiff's medical bills and that the plaintiff's health insurer may be entitled to reimbursement of those payments. The Court will decide the extent to which reimbursement will be required after you return your verdict. You will not decide that issue. Render your verdict without regard to that issue.

As such, under the district court's analysis that the $1000 award for medical expenses was sufficient because it related to the reimbursement testimony, we cannot find support for a fair verdict because the jurors were instructed to look at the bills without consideration of any payment or reimbursement. Thus, we find the district court abused its discretion in ruling that the reimbursement question supported a verdict of $1000.

Even so, "[t]here is a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages." *Olson v. Nieman's Ltd.*, 579 N.W.2d 299, 309 (Iowa 1998). And, Schewe "bears the burden of establishing a claim for damages with some reasonable certainty and for demonstrating a rational basis for determining their amount." *Hammes v. JCLB Props., LLC*, 764 N.W.2d 552, 558 (Iowa Ct. App. 2008). The test is whether the verdict fairly and reasonably compensates the injury the party sustained. *Blume v. Auer*, 576 N.W.2d 122, 125 (Iowa Ct. App. 1997). And the "itemized damages

should be logically and legally consistent." *Id.* With this record it is difficult to rationalize the $1000 medical damages verdict as being anything other than arbitrary.

After eliminating the district court rationale for the medical damages verdict, we look to the Defendants' analysis of the result but we reject their similar arguments over whether the bills were paid and needed to be reimbursed. On their side, the Defendants also point to discrepancies in the medical treatment records and assert that the cause and extent of the injuries was disputed at trial. But the Defendants offer no explanation for the specific award of $1000 based upon what bills were actually provided. And while much was made of Schewe's reports of limited pain in the records, it is clear from the paid charges noted on the billings that medical expense was incurred for a medical evaluation of Schewe following the motor vehicle accident. *See Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 156 (Iowa 2004) ("The reasonable value of medical services can be shown by evidence of the amount paid for such services or through the testimony of a qualified expert witness."). The treatment records show that Schewe reported at the onset right-side chest bruising from his seatbelt, right upper leg pain, and left wrist pain, all minimal.[4] Schewe testified the medical providers x-rayed him, drew blood, and "checked everything out" during the visit. And the treatment records made a part of the evidence confirm Schewe was evaluated to rule out injuries from the motor vehicle accident. Those records showed the medical

---

[4] The jury did award Schewe damages for minor pain and suffering.

providers ran a chest x-ray, did a blood draw, evaluated vital signs, and did an otherwise necessary urgent care examination.

From those billings submitted, it is arbitrary to carve out a $1000 expense as it relates to no actual charge in the record. As we have held, "each itemization is a special jury finding that must be supported by the evidence. If such finding is not supported by the evidence, the plaintiff is entitled to a new trial." *Matthess v. State Farm Mut. Auto. Ins. Co.*, 521 N.W.2d 699, 703 (Iowa 1994). True, juries are the fact-finders and are free to accept or reject evidence presented during a trial. *See Blume*, 576 N.W.2d at 125. But, verdicts that cannot "be reconciled in any reasonable manner consistent with the evidence and its fair inferences, and in light of the instructions of the court" must be set aside. *Hoffman v. Nat'l Med. Enter., Inc.*, 442 N.W.2d 123, 126–27 (Iowa 1989). Here, based upon the treatment records and the billings, there was unrebutted evidence that Schewe went to the emergency room by ambulance and was checked for any injuries. While there was certainly a dispute about the fault and whether the collision caused any long-standing injury, no one disputed that Schewe required a medical evaluation.

**Motion for Additur.**

After the trial, Schewe also moved, in the alternative, for a conditional new trial that would allow the Defendants "to agree to additur to the verdict of $9,269.00 within the time allowed by Iowa [Rule of Civil Procedure] 1.1010."[5] Under the same

---

[5] Iowa Rule of Civil Procedure 1.1010 (1) provides, "The district court may permit a party to avoid a new trial under rule 1.1003 or 1.1004 by agreeing to such terms or conditions as it may impose, which shall then be shown of record and a judgment entered accordingly." Rule 1.1010(2) states:

reasoning for the denial of the motion for new trial, the district court denied the request for additur. Now on appeal, Schewe requests an additur raising the award of damages to $10,269. We have no evidence to support that the fainting spell was a result of the motor vehicle collision in this record, but the ambulance expense and the urgent care evaluation relate directly to the accident. And although the evaluation did not establish any significant injury or treatment, the cause of the visit related to a potential for injury from the collision. No one presented testimony in this record that the evaluation tests were for some other purpose or treatment for any specific condition; instead there was only suggestion that the results of the tests might reveal other nonrelated conditions. Here the medical expense for the evaluation was susceptible to precise calculation such that additur is appropriate. *See Kerndt*, 558 N.W.2d at 417 (finding no rationale for the awarded damages based upon the exhibits submitted at trial where the actual calculations of damages were established). The records included itemized charges associated with the ambulance ride and the various tests that were

---

If the term or condition imposed is a choice between consenting to a reduced, modified or increased judgment amount or proceeding to a new trial, regardless of whether imposed by the district court or an appellate court, then the choice shall be made by filing a written consent to the reduced, modified or increased judgment with the clerk of the district court in which the case was tried within the following times:

a. If imposed by the district court, on or before seven days before the date when an appeal must be taken pursuant to Iowa R. App. P. 6.101.

b. If imposed by an appellate court, on or before 30 days after the date the procedendo is filed with the district court.

If such a written consent is not filed within these time periods, then the new trial imposed as the other choice shall be deemed ordered automatically.

conducted to rule out injury, and no one rebutted any specific charge to show it was not related to that medical effort.

We conclude the district court should have denied the motion for new trial as to the medical expense damages only on the condition the Defendants accept an additur raising the award of damages to $10,149 (ambulance bill plus the Mercy Medical Center bill). Accordingly we reverse and remand to address the medical expense damage issue. The election to accept the additur should be made within thirty days of the filing of procedendo.

**Assessment of Deposition Costs.**

After the jury determined the parties to be equally at fault, the Defendants moved to tax the deposition transcript expense of $371.25 as costs, asserting they used the transcript testimony four times to impeach Schewe.[6] This was the charge for the full transcript of the deposition of Schewe. Because the Defendants filed an offer to confess judgment for $10,000 under Iowa Code section 677.7 (2019),[7] they requested that the full cost of the deposition used to impeach Schewe at trial be taxed against him. *See* Iowa Code § 677.10 ("If the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff cannot recover costs, but shall pay the defendant's costs from the time of the offer."). Citing Iowa

---

[6] From our review of the record, it appears the Defendants quoted lines of testimony directly from the deposition twice, although they did discuss it during impeachment four times. At best, pages 30 and 31 of the deposition transcript were specifically referenced.

[7] Section 677.7 provides:

The defendant in an action for the recovery of money only may, at any time after service of notice and before the trial, serve upon the plaintiff or the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendant for a specified sum with costs.

Code section 625.6,[8] the Defendants also requested reimbursement of the $5 cost of reproducing several color photographs used at trial. Recognizing that only part of the deposition transcript was used to impeach, the district court ruled that only $100 of the deposition transcript cost and the $5 expense for copying photographs would be taxed as costs.

But Schewe requests that we apply the applicable rule and case law to correct the error made by the district court on this issue. Our rules offer this guidance when taxing deposition costs: "The judgment shall award against the losing party only such portion of these costs as were necessarily incurred for testimony offered and admitted upon the trial." Iowa R. Civ. P. 1.716. The district court uses a two-step decision-making process as a prerequisite for allowance of the deposition expense. *EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 786 (Iowa 2002). First the court makes a factual finding regarding whether the deposition was "introduced into evidence in whole or in part at trial" and second, if it was, the court must then exercise its discretion to decide if all or some portion of the cost was "necessarily incurred." *Id.* (citation omitted). Under this two-step process we apply a two-tiered standard of review. *See Sec. State Bank v. Ziegeldorf*, 554 N.W.2d 884, 893 (Iowa 1996) (adopting two standards of review where court was required to make a factual finding as to statutory prerequisite for allowance of attorney fees and then exercise discretion as to amount of fees to allow).

---

[8] Section 625.6 allows reimbursement to the successful party for "necessary fees paid" to "procur[e] copies of deeds, bonds, wills, or other records filed as a part of the testimony."

A review of our case law also informs our decision. Starting with *Cline v. Richardson*, 526 N.W.2d 166, 169 (Iowa Ct. App. 1994), a panel of this court held that it was an abuse of discretion for the district court to tax the cost of the deposition where the transcript was used in only one instance to impeach and the deposition transcript was not offered or admitted into evidence. In two of our cases, we followed that reasoning as well to determine the trial court abused its discretion. *See Carson v. Rothfolk*, No. 12-1021, 2013 WL 4009790, at *7 (Iowa Ct. App. Aug. 7, 2013) ("[W]e find first that the use of a deposition during cross-examination of a witness is not 'introduced into evidence' as contemplated by the rule and is therefore not a cost subject to being assessed."); *Doty v. Olson*, No. 09-1852, 2010 WL 5050565, at *5 (Iowa Ct. App. Dec. 8, 2010) ("A successful party may not recover deposition costs under Rule 1.716 by 'mere oral reference' to a witness's deposition during trial."). Because the deposition transcript here was not offered or admitted at trial and was used only to impeach on a limited basis, we find the trial court abused its discretion and reverse the taxation of the deposition cost.

As for the copy expense for photographic exhibits, we find that cost is not a fee paid to procure copies of "deeds, bonds, wills, or other records." Iowa Code § 625.6 (allowing for reimbursement to the successful party for "necessary fees paid" to "procur[e] copies of deeds, bonds, wills, or other records filed as a part of the testimony"). We reverse the taxation of the $5 copy expense as well.

**Conclusion.**

We reverse and remand on the issue of the medical expense damages and allow for a conditional new trial if additur is not accepted. We also reverse on the

assessment of the $100 deposition fee and $5 reproduction fee that were taxed as costs to Schewe.

**REVERSED AND REMANDED.**